Bosworth, J.
This action came before the court on a demurrer to defendant’s answer.
The action is on a note made by the defendant, dated August 26, 1851, payable at 4 months from its date to the order of the Hudson Manufacturing Company, a corporation created by the laws of the state of New Jersey, and by the corporation, endorsed to the plaintiff.
The answer admitted the making and endorsement of the note, and that no part of it had been paid. It stated as a defence, that on the day of the date of the note, the defendant and payee of the note made a written contract under seal, by which, among other things, it was covenanted and agreed between them that the defendant, from the date of the contract and the 1st of January, 1857, should be the sole agent of the payee to sell all the India rubber and gutta percha goods manufactured by the payee during that period; that the payee within the first year, from October 1, 1851, should make, or cause to be made, such goods of the worth of $100,000, in case the defendant could sell and dispose of that quantity within that period, and thereafter to the worth of $300,000 per annum, upon like condition; that the payee would give to the defendant, as such agent, the exclusive sale of all its goods and wares (except the -sale of certain enumerated articles), during the stipulated term of such agency; and pay and allow the defendant for such sales in each year a commission of 12J per cent, on all sales not exceeding $100,000, and 7£ per cent, on all sales over that sum and not exceeding $200,000, and of 10 per cent, on all sales in each year exceeding last named sum. That defendant on his part agreed to make the sales as such agent, guarantee them, render a true account of them semi-annually, and pay to the corporation the net proceeds, one-half in his own notes, and one-half in cash and business paper received from said sales.
That it was further agreed, that the corporation should trans *641 fer to the defendant, at par, 800 shares of its capital stock, and the defendant agreed to take it and pay for the same in his own notes of $2000 each, payable at specified periods; and the corporation covenanted to indemnify him for any loss on said stock, occasioned by the failure of the corporation to perform the said contract on its part.
John E. Develin, for plaintiff.
The defendant, in pursuance of the contract, took the stock, and gave his notes as he agreed to do, of which the note in suit was one ; that he accepted and entered upon the agency, and was, and ever since has been able and willing, and offered, to perform on his part; that he could have sold in each year the largest quantity of goods named, but the corporation wholly failed to perform the contract on its part; did not furnish, and has not furnished such goods to the defendant for sale according to the contract, and thereby has deprived, or attempted to deprive, the defendant of his commissions on such sales ; and his stock has thereby become greatly depreciated in value, and almost worthless, whereby this defendant has sustained damages to the sum of $95,000, or thereabouts.
That the note sued upon was transferred to the plaintiff after it became due ; that he was at the time an officer of the corporation, and had full knowledge of the facts herein before stated.
Which damages the defendant claims to set-off, recoup, or prove as counter-claim to the demand of the plaintiff, and to have this action dismissed, with costs.
To this answer, the plaintiff - interposed a demurrer, and assigned the following causes, viz :
1. That the plaintiff is not a party to the alleged contract, or agreement, set forth in said answer.
2. That the plaintiff is not liable to the defendant for any damages sustained, or incurred by the defendant, by reason of the alleged breach of the said agreement on the part of the Hudson Manufacturing Company.
3. That the said alleged damages are not the legal subject of set-off, recoupment, or counter-claim against the claim made by the plaintiff in and by his complaint in this action.
This action was commenced in December, 1852.
T. H. Rodman, for defendant.
Bosworth, J.
If the defence set up in the answer is strictly a counter-claim, and only that, the demurrer is well taken. A counter-claim, as defined by § 150 of the Code, must he a claim or demand existing against the plaintiff, as a party to the contract, or transaction, out of which it arises. The language of the Code is too clear and explicit to be misunderstood. The counter-claim mentioned in section 150, must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action.
1. A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff’s claim, or connected with the subject of the action.
2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.
These counter-claims may be such causes of action as have heretofore been denominated legal, or equitable, or both. (§ 150.)
It is obvious that a counter-claim, as here defined, includes only causes of action existing against the plaintiff on the record, and on which, under the old system, an action at law, or a bill in equity, could have been maintained against him at the suit of the defendant, according as the matter was one of legal or equitable cognizance.
The second sub-division would include,
1. Set-off of a demand existing against the plaintiff.
2. Any claim arising on a contract made by him, whether sealed or unsealed, and whether the damages were liquidated or unliquidated.
The first sub-division would include,
1. All breaches on the part of the plaintiff of any promise or covenant on his part, contained in the contract on which the action was brought.
2. Any equitable relief, to which a party is entitled . against a legal demand, and which formerly could only be had by filing a bill in Chancery. Also the affirmative relief, which, in equity suits, could be had only by a cross-hill.
*643 Hence § 274 provides, that in the final judgment, the court “ may grant to the defendant any affirmative relief to which he may he entitled.”
The interposition, and proof of the counter-claim, secures to a defendant the full relief, which a separate action at law, or a bill in chancery, or a cross-bill, could have secured to him on an allegation and proof of the same facts. And this provision of the Code relates to only such causes of action as exist against the plaintiff, and might in their nature be the basis of an action against him at the suit of the defendant.
If the defence set up is a counter-claim, or nothing, the demurrer must of course be sustained, as the matters alleged create no right to recover damages from the plaintiff, nor can be made the basis of any equitable relief against him.
The insolvency of the payee of the note is not averred, and no case is made for relief on that ground.
If the facts averred and admitted by the demurrer would constitute a defence to the note, in the hands of an endorsee taking it after it fell due, according to the settled principles of law existing when the Code was enacted, it is a defence still, but not one falling within the definition of a counter-claim contained in § 150.
§ 112 expressly provides that, in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to set-off or other defence existing at the time of, or before notice of the assignment. The only exception made is that of a negotiable promissory note, or bill of exchange, transferred in good faith, and upon good consideration, before due.
In this case, the note was not only transferred after it was due, but with actual knowledge by the endorsee at the time of the transfer, of the facts set up as defence.
When a note is negotiated after it becomes due, that fact alone subjects it, in the hands of the endorsee, to every defence that existed in favor of the maker against the payee at the time of the transfer. (1 Joh. Cas. 51, p. 331; 2 Caines’ Cas. in Error, 303; 2 J. R. 306; 2 J. R. 118; 8 J. R. 454; 1 Cowen, 396.)
It is alleged that by reason of the breach by the payee of the contract on its part, the stock for which the note was given *644 has been depreciated in value, and that such depreciation exceeds the amount of this note. If such are the facts, the consideration of the note had failed before it was transferred. That would be a good defence against the payee, and the defence is equally available against any endorsee taking the note after it fell due, and with knowledge of the facts.
Batterman v. Pierce (3 Hill, 171) was an action by payee against maker on a note given for wood, purchased of the payee. As part of the transaction, the payee promised to indemnify the maker against any damage to the wood, in consequence of the burning of a fallow adjoining the wood. In burning the fallow the wood took fire and was consumed. It was held, that the defendant was entitled at law to have a recovery on the note, reduced by a sum equal to the damages resulting from burning the wood.
The stock, in this case, has been rendered nearly worthless by acts against which the payee covenanted, and which covenant was made at the same time as the note, and related to the same subject matter. In that respect, the case is like Batterman v. Pierce, the only difference being that that suit was between the payee and maker, while this is between the maker and an endorsee with notice, and taking the note when past due.
It is in substance a case of the total or a partial failure of the consideration of the note, as the covenant of the payee, as well as the stock, formed the consideration of this and of the other notes given at the same time.
If a defence of this character is available against a note negotiated after it fell due, and with notice of the facts, the answer cannot be demurred to, even if sufficient facts are not stated to constitute a good defence.
Ho new matter in an answer can be demurred to except such as constitutes a counter-claim. (Quin v. Chambers, decided by the General Term, March 26,1853.)*
In the case cited, this court indicated what it deemed to be the appropriate remedy in such a case.
The demurrer must be overruled, with costs, and permission is given to withdraw it on payment of the costs of the demurrer.

 Reported 1 Duer, &13.