By the Court.
Woodruff, J.
—The ruling had at the trial excluding the defendant’s proofs is sought to be sustained, in part, upon the idea that the defense as proposed to be proved on the trial was in the nature of a counter-claim, to establish damages in the defendant’s favor, which had the action been brought by the firm of Lalouette & Ashfield, the defendant might, but for the suit brought in the Supreme Court, have recouped and so defeated a recovery by them, and that the defendant having brought his action to recover those damages, had made his election to recover those damages by suit, which was then pending, and could not now avail himself of them as a defence or otherwise against the note.
*168 If the correctness of the ruling turned upon this view of the question between the parties, we should feel constrained to say that the pendency of such a former suit for the damages sustained by the failure of the title to the chattels was no bar to the use of the same matter as a counter-claim; the defendant having a cause of action for damages may sue therefor, and if pending that suit he is himself sued on a cause of action in favor of the adverse party, no rule of law requires him to discontinue his suit or be barred of his defense. It is true he cannot recover the same damages twice, and therefore he cannot use them to defeat a recovery against him, and also in his own suit have a recovery in.his own favor. When "the claim to damages has once been established by a recovery or by defeating the action brought against him, that must terminate the litigation; and it .may be that the Court would not permit a defendant after having set up such a counter-claim as a defense and pending the litigation, to bring a new suit himself to recover for the same cause • of action. But if the Court will, in the exercise of a discretion to prevent needless litigation, stay the proceedings in such a case, it can never be held, we think, that the pendency of an action for damages is a bar to the setting up of those damages as a counterclaim in a suit afterwards brought against him by his adversary; Fabricottiv. Launitz (3 Sand.; 743), sustains these views; and a subsequent case in this Court, Fuller v. Reed and Reed v. Fuller (15 How. Pr. Rep., 236, and 6 Duer, 697), further affirms the same proposition.
But we apprehend that so far as the defense set up by the defendant in his answer is to be regarded as, a counter-claim, it was inadmissible upon another ground.
A counter-claim can only be used as a defense, when it exists in favor of the defendant and against the plaintiff, in the action in which-it is sought to be used. It must be a cause of action existing between the parties to the action itself (Code § 150), and this was always true of matter of recoupment. And accordingly a counter-claim cannot be set up in an action by an assignee, when it shows a cause of action against the assignor only. So it was held in Vasseur v. Livingston (4 Duer, 285), affirmed by the Court of Appeals (3 Kern., 248); and Gleason v. Moen (2 Duer, 639).
The case last cited is strikingly like the present. There *169 the action was by an indorsee of a promissory note transferred after maturity, and the defendant claimed to recover his damages sustained by reason of a breach, by the payee, of the contract under which the note was given. And it was held that as the matters alleged created no right to recover damages from the plaintiff, the defense, viewed as a counter-claim, could not be sustained; although there the plaintiff received it with full knowledge of all the facts.
But the defense, as the same was offered to be proved on this trial, is not, we think, to be regarded as either a counter-claim, set-off or a recoupment. It was urged as a defense to the note itself. It is true that the answer sets up the defendant’s claim for damages as a counter-claim. For the reasons already given, no such claim could be allowed in this action, and evidence tending merely to establish a counter-claim would have been properly rejected. But the offer was to prove the matters alleged in his answer, as constituting a failure of the consideration of the note; matters amounting to such failure were alleged in the answer, and to that ground of defense, and to that alone, was the offer of evidence addressed. If the facts alleged in the answer, and offered to be proved, are established, they amount to a partial failure of the consideration of the note. This directly affected the validity of the note itself in the hands of the payees, and although a Iona fide indorsee for value, receiving the note without notice, before maturity, would not be affected by an impeachment of the consideration, the plaintiff receiving it after maturity, took it, subject to all defects impairing its legal validity in the hands of the payees themselves. This point is distinctly held in the case of Gleason v. Moen above referred to, and under a state of facts, substantially like those before us. See also, the cases there cited, and the1 same doctrine applied to an assignment of a chose in action not negotiable in Vasseur v. Livingston, supra.
The offer here was to show that the note was given for sundry chattels sold and delivered, and that the title to nearly all of those chattels was not in the vendors, and that the defendant lost the same by reason of such failure of title. To our minds this presents a case of alleged partial failure of consideration, which the defendant should have been permitted to prove if he was able.
*170 It is urged that the entry by the defendant into the possession of the premises, and his subsequent prosecution of his action for damages must be taken as an affirmance of the whole contract, and the defendant must now be held to pay his note and rely upon his covenants for his protection.
We do not perceive the force of this suggestion. The defendánt has no covenants respecting the title to the chattels except such as are implied in the act of sale. Nor is this a case in which the defendant is seeking to affirm the contract on the one hand, and on the other rescind it and recover back the consideration. The contract, under which the note was given consisted of several independent particulars, one of which was a sale of the chattels for which the note was given. Another, related to a distinct matter, the sale of coal. Another related to the transfer of a lease and contained a guarantee that the lease should be renewed.
The suit which it is claimed operates to deprive the defendant of his defense is brought upon the very ground that the title to the chattels has failed, and prays that for that reason the note should be canceled, and we are now told that the pendency of such a suit would prevent the defendant’s alleging a failure of consideration if the payees were here prosecuting the note itself,
The contract in some of its parts has been so far executed as to be incapable of rescission; and, in that respect, it follows that if any damages for a breach of its covenants have been sustained by the defendant, they may be the subject of inquiry in the Supreme Court even though they should decree a surrender of the note to be canceled. ■ But we think that the defendant, being now sued on the note may use as a defense, the failure of consideration to the same extent as if he had commenced no such action.
On this ground, we think the judgment should be reversed and a new trial ordered, with costs to abide the event.
Ordered accordingly.