WILLIAM M. CLINTON, Appellant, *v.* JOHN EDDY, Respondent.

(GENERAL TERM, SIXTH DISTRICT, MAY, 1869.)

The complaint averred, that under a contract between the plaintiff and defendant, the latter had received a sum of money, two-thirds of which belonged to the plaintiff, and the balance to the defendant, and claimed the two-thirds; the answer pleaded the statute of limitations, denied the alleged receipt of the money, averred to the contrary, that plaintiff had received it under the contract, and demanded judgment for the one-third. *Held*, plaintiff could not, without pleading it in reply, avail himself of the statute of limitations in bar of defendant's claim to the one-third.

The defendant's averment of indebtedness by plaintiff, was a statement of new matter constituting a counter-claim.

The term counter-claim, as used by the Code, comprehends recoupment and set-off. Per BOARDMAN, J.

THE essential controversy grew out of a sum of $115, belonging two-thirds to plaintiff and one-third to defendant, which the plaintiff claimed had been paid to defendant in 1854, and the defendant claimed the same money had been paid to the plaintiff. The plaintiff therefore set up, as a substantive cause of action, that defendant was indebted to him for two-thirds of said $115, and interest. The defendant answered denying such indebtedness and the receipt of said moneys, and alleged that plaintiff received the same; and claimed for affirmative relief that plaintiff was indebted to him for the one-third of said $115 so alleged to have been received by plaintiff. Defendant also set up the statute of limitations in bar of plaintiff's alleged claim for the two-thirds. The plaintiff served no reply. Upon the trial the referee found as a fact that plaintiff received said $115, and was indebted to the defendant for the one-third thereof, with interest; that the statute of limitations would have barred defendant's recovery if it had been set up by reply, and that such statute was not available to plaintiff without being pleaded. To this plaintiff excepted, and appealed from the judgment entered for the defendant.

*L. I. Burditt*, for the appellant.

*E. Countryman*, for the respondent. ··

Present—BALCOM, BOARDMAN and PARKER, JJ.

By the Court—BOARDMAN, J. The plaintiff claims that he is entitled to two-thirds of a sum of money received by defendant by virtue of a contract in relation thereto between the parties. The defendant denies the receipt of such money; alleges the plaintiff received it and by virtue of the same contract, and claims to recover his one-third thereof from plaintiff. This is clearly a counter-claim under the Code. It is new matter constituting a counter-claim existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, and connected with the subject of the action. Again, as the plaintiff's action arises on contract, the defendant's cause of action also arising on contract, and existing at the commencement of the action, is a counter-claim. (Code sections 149, 150.) By section 153, such answer must be replied to if it contain a counter-claim, or, by section 168, the same will be taken as true. The term counter claim, as used in the Code, is, in general, broad enough in its signification to include recoupment and set-off. (*Lemon* v. *Trull*, 13 How., 248, aff'd, in Court of Appeals, 16 How., 576, n.; *Pattison* v. *Richards*, 22 Barb., 143; *Vassear* v. *Livingston*, 13 N. Y., 248, affirm'g S. C., 4 Duer, 285, 10 How., 67, 14 id., 97, 13 id., 84, 37 id. 299; *Thompson* v. *Kessel*, 30 N. Y., 383; *Gleason* v. *Moen*, 2 Duer, 639; *Xenia Bank* v. Lee, 2 Bosw., 694; *Schubart* v. *Harteau*, 34 Barb., 447; *Leavenworth* v. *Packer*, 52 Barb., 132.) These cases leave no doubt that defendant's answer sets up a counter-claim, which was admitted, by the neglect to reply. Even by the narrow distinction of a set-off, it has been held that a reply was necessary. (9 Howard, 263, 356; 10 Howard, 148.)

The case of *Thompson* v. *Sickles* (46 Barb., 49) is not in

point.   The considerations suggested by that case arose under section 112 of the Code, and were due to the peculiar relations of the parties.   The set-off was not a claim by the defendant against the plaintiff, but against the plaintiff's assignor.   The defendant could not have maintained an action thereon against the plaintiff, and that constitutes an essential requisite of a counter-claim.   The same principle is established in *Wolf* v. *H.* (13 How., 84) and in *Gleason* v. *Meno* (2 Duer, 639).   The equities existing between the assignor and the defendant are preserved by the Code, and they are treated as equitable payments in a controversy between the assignee and defendant.

There is no doubt the referee was correct in holding, that the answer in this case contained new matter constituting a counter-claim, and that such counter-claim cannot be barred by the statute of limitations, unless the same be pleaded by a reply.

The judgment appealed from should be affirmed with costs.