## WILDER and others *vs.* BOYNTON.

A counter-claim, as now used and understood, includes recoupment and set-off.

In an action for money paid, and for manufacturing ninety-six fire extinguishers for the defendant, at his request, amounting to $1200, a balance of $1076 being claimed as due, the answer, after setting up a general denial, alleged that in consideration of an agreement by the defendant that he would allow the plaintiffs the privilege of making and vending 100 fire extinguishers, of which the defendant was the patentee, the plaintiffs undertook and agreed to manufacture and sell the same, within a reasonable time, and from the proceeds to allow and pay the defendant one-third of the net proceeds of such sales; and that they wholly failed to keep their agreement; whereby the defendant sustained $2500 damages. *Held* that the answer contained all the facts essential to a well stated counter-claim, and necessary to sustain it as such.

Where facts were stated, in an answer, as an avowed "second defence," and at the close of the statement of the defence, the answer contained these further words: "Which sum the defendant will recoup against any demand of the plaintiffs in this action;" *it was held* that there was no validity in the objection that the defendant could not avail himself of the fact, thus stated, except for the purpose of extinguishing the plaintiffs' demand. That under the provisions of the Code, the facts being stated which would be necessary to enable the defendant to give evidence of his defence, it would be the right, as well as the duty, of the court to give such judgment as he should establish, by proof, he was entitled to.

The right of a plaintiff to *discontinue* after an answer containing a counter-claim, and a partial trial, is a qualified one. The court has a right to control its own orders, and may exercise its discretion in respect to the terms upon which parties shall be permitted to discontinue actions.

The plaintiffs (who were non-residents) after voluntarily coming into court and submitting themselves to its jurisdiction, entered upon a trial; and when the defendant produced evidence which not only established that they had no cause of action, or at most, one upon which they were entitled to recover of the defendant a less sum than he was likely to recover of them, they asked for an interview, to negotiate a settlement, and for that purpose the referee suspended the trial. Failing in the negotiations for a settlement, they left the place where the trial was being had, and escaped from the State before the defendant was able to serve them with a summons to commence a second action. *Held* that the plaintiffs having, after occupying the time of the court, deliberately sought to avoid its jurisdiction, they could not, by an *ex parte* order, entered without the leave of the court, discontinue the action; and the same was set aside, on motion.

Wilder *v.* Boynton.

MOTION by the defendant to set aside an order entered by the plaintiffs, *ex parte*, discontinuing the action, after a partial trial before a referee, and after a portion of the defendant's evidence had been given, before the referee.

The plaintiffs are non-residents, and the affidavits read in support of the motion establish that the plaintiffs, after discovering that they might not recover, suddenly left the State, and evaded a service upon them by the defendant of process for a second suit.

The reference was had upon the stipulation of the respective parties, in open court, and an order in pursuance thereof duly entered.

*Wm. J. Wallace*, for the motion.

*C. A. Hammond*, opposed.

HARDIN, J.   The complaint in this action alleges that the " defendant is indebted to them in the sum of $1076 for money paid to and for said defendant, at his request, about October, 1871, and for manufacturing ninety-six fire extinguishers for the defendant, at his request, at $12.50 each, $1200, which several sums the defendant agreed to pay for as aforesaid."   And it also contains a prayer for $1076, balance after crediting the defendant with a payment of $179.   The answer contains a general denial, and then sets up that the defendant, in June, 1869, entered into an agreement with the plaintiffs whereby, in consideration of an agreement of the defendant that the defendant would allow the plaintiffs the privilege of making and vending 100 fire extinguishers, of which the defendant was the patentee, the plaintiffs undertook and agreed to manufacture and sell the same within a reasonable time, and from the proceeds would allow and pay the defendant one-third of the gross proceeds of such sales, and that the plaintiffs wholly failed to keep their agreement; whereby the defendant sustained $2500 damages.

Wilder *v.* Boynton.

The answer contains all the facts essential to a well stated counter-claim.

The facts are stated as an avowed "second defence." The answer, at the close of the statement of the defence, contains the further words, to wit, "which sum the defendant will recoup against any demand of the plaintiffs in this action." And it is now insisted that the defendant cannot avail himself of the facts thus stated, except for the purpose of extinguishing the plaintiffs' demand.

But, under the provisions of the Code, the facts being stated, which would be necessary to enable the defendant to give evidence of his defence, it would be the right as well as the duty of the court to give such judgment as the party should establish, by proof, he was entitled to. (*Code*, §§ 149, 150, 274.)

The answer "contains a statement of new matter constituting a counter-claim, in ordinary and concise language." It contains all that is necessary to sustain it as a statement of a counter-claim. (*Mattoon* v. *Baker*, 24 *How.* 329.) A "counter-claim" as now used and understood, includes recoupment and set-off. (*Clinton* v. *Eddy*, 1 *Lans.* 61. 3 *Hill*, 171.)

The right of a plaintiff to discontinue after an answer containing a counter-claim, and a partial trial, is a qualified one. The court has a right to control its own orders, and may exercise its discretion in respect to the terms upon which parties shall be permitted to discontinue actions.

The Code has, to some extent, changed the former practice.

This question has been passed upon in numerous cases, since the adoption of the Code. The most recent one reported is that of *Young* v. *Bush*, (36 *How. Pr.* 240.) It was held, in that case, at general term, that the right of a plaintiff to discontinue is not absolute, and that the right to discontinue may be disallowed, in the discretion

Wilder *v.* Boynton.

of the court. The opinion of Justice SMITH, in that case, reviews the authorities, and states quite satisfactorily the rule which should prevail, in respect to discontinuances by the plaintiff. It remains only to apply that rule to this case.

The plaintiffs came voluntarily into this court, and submitted themselves to its jurisdiction, entered upon a trial, and when the defendant produced evidence (as the motion papers state) which not only established that they had no cause of action, or at most one upon which they were entitled to recover of the defendant a less sum than he was likely to recover of them, they ask for an interview, to negotiate a settlement, and for that purpose the referee suspends the trial, and failing in the negotiations for a settlement, they leave the city of Syracuse, where the trial is being had, and escape from the State before the defendant is able to serve them with a summons to commence a second action. They have come into this court, and occupied its time, and then they suddenly attempt to prevent the defendant from having a formal determination of the issues framed for that purpose. No affidavit was read in explanation of their conduct in respect to the trial. They stand therefore charged by the moving affidavits, to which no answer is given, with having *deliberately sought to avoid the jurisdiction of the court ;* and after that attempt, they ask its order, in furtherance of their purpose, to absolve them from its judgment. The case therefore stands, in some sense, like the case where a discontinuance would enable the plaintiffs to interpose the statute of limitations, to a counter-claim, and should be treated accordingly.

It was said, by way of excuse, that the pleadings of the plaintiffs required amendment to enable them to present their claim properly to the court. But it must be borne in mind that the court possesses ample power to permit such amendment, and that furnishes no reason why the defendant should not have the trial concluded, which the

Wilder v. Boynton.

plaintiffs, by their action, have compelled him to enter upon and pursue until it is two-thirds over.

The learned counsel for the plaintiffs, by way of exculpating the conduct of the plaintiffs, suggested to the court, upon the argument of this motion, that the contract out of which the litigation arose related to a *patent right*, and therefore could not be litigated in a State court. By a quite recent decision of the Court of Appeals, in this State, the contrary has been held, and therefore that excuse must be disregarded. (*Middlebrook* v. *Bloodbent*, 47 *N. Y.* ——.)

The conclusion is reached that the plaintiffs have demeaned themselves in such a manner, in respect to this action, that it is but a reasonable exercise of the discretion of the court to require that they should permit the defendant to have the determination, by the referee, of the issue existing between them and the defendant, in respect to the matters referred to in the pleadings; and therefore the order entered *ex parte* must be set aside, and either party allowed to give the usual notice of trial, and proceed before the referee, as though no order of discontinuance had been entered. (36 *How.* 244.)

The plaintiffs will be at liberty to apply to the referee, or to the court, to amend their pleadings; and in that way the merits of the whole controversy may be fully considered and determined in this action.

The motion is granted, with $10 costs.

