Campbell agt. Campbell.

# SUPREME COURT.

WILLIAM CAMPBELL agt. ANNA LOUISE CAMPBELL.

*Action for divorce — Discontinuance — when not allowed.*

The power of the court to permit a discontinuance is unquestionable, but such power is never exercised when it would be unjust to grant it.

Plaintiff commenced an action for divorce against the defendant, the parties being husband and wife, upon the ground of adultery. The answer of defendant denied the charge and set up adultery by the husband, and asked for judgment of divorce in her favor against him. Upon a petition by defendant for an allowance to her for counsel fees, and for her support *pendente lite*, a referee was appointed to ascertain and report what allowance, if any, should be made to the defendant. Several hearings have been had before said referee, but no report has yet been made. Plaintiff moves for leave to discontinue. *Held*, that it would be unjust to grant it.

*N. Y. Chambers, July*, 1877.

MOTION by plaintiff for leave to discontinue action.

*James E. Chandler* and *S. W. Fullerton*, for motion.

*Curtis, Gardner & Jones* and *Miles Beach*, opposed.

WESTBROOK, *J.* — The plaintiff commenced an action for divorce against the defendant, the parties being husband and wife, upon the ground of her adultery. The answer of the defendant denies the charge of the plaintiff, and sets up adultery by the husband, and asks for judgment of divorce in her favor against him. Upon a petition to the court by the

Campbell agt. Campbell.

defendant for an allowance to her for counsel fees, and for her support *pendente lite*, it was, in April, 1877, referred to Horace M. Ruggles, Esq., to ascertain and report what allowance, if any, should be made to the said defendant. There have been several hearings before the said referee, but no report has yet been made. The plaintiff now asks leave to discontinue the action, which application the defendant opposes.

The power of the court to permit a discontinuance is unquestionable, but such power is never exercised when it would be unjust to grant it. In this case the defendant has not only been subjected to considerable costs and expenses in the defense of the action brought against her, but she also has, by her answer, asked for affirmative relief against him. If the action should be discontinued, the costs and expenses already incurred by her are not only lost, but her relief, if she is entitled to any, postponed for several months. It is true that a new action can be commenced by the defendant against the plaintiff, but such right would grant no present relief for her support and maintenance, which she claims she needs immediately. Her affidavit shows that she is poor and destitute, being with her parents, who are also in straitened circumstances, her husband for several months having made no provision for the support of herself and the infant child, the fruit of her marriage with the defendant. When the wife is upon the very eve of obtaining relief, the need of which is urgent and pressing, no good reason is seen which requires this court to surrender its power to afford it by permitting a discontinuance of the action.

It is said, however, that the court can impose terms which, if the application be granted, will fully protect the defendant. It is true, that terms may be imposed, but, it was because the court had no sufficient information that the application of the wife for the present relief was referred. From the confessed position of the parties to each other — their separation — it is evident that unless the unfortunate controversy is amicably arranged between them that questions growing

thereout must hereafter come before the courts, and it is better to settle them now, as considerable expense has already been incurred, than to postpone them to a future day, and in the meanwhile, if the defendant's statement is true, subject 'her and her infant child to the suffering and distress which her poverty will entail, whilst her husband is abundantly able to provide for them.

For the reasons thus briefly stated, the motion of the plaintiff must be denied. If, however, the plaintiff has determined not to prosecute his action against the defendant, upon giving such a stipulation to the defendant's attorneys, the referee will be directed to take that fact into consideration in fixing the allowance to be made to the defendant for costs and counsel fees.