WILLIAM MOSER, Appellant, *against* THOMAS B. COCH-
RANE, Respondent.

(Decided April 13th, 1885).

In an action to recover money paid by plaintiff upon a contract for the
sale and conveyance to him by defendant of real estate, a counterclaim
by defendant for specific performance of the contract by plaintiff may
properly be set up in the answer.

APPEAL from a judgment of this court entered upon the
decision of the judge on trial by the court.

The facts are stated in the opinion.

*James R. Marrin,* for appellant.

*Charles Matthews,* for respondent.

ALLEN, J.—This action was brought to recover one
thousand dollars paid by the plaintiff to the defendant on a
contract for the purchase of real estate.

The defendant in his answer admitted the allegations of the
complaint, except as to their legal result, and prayed for a
specific performance of the contract.

The action was originally tried before Judge BEACH and
a jury on the 10th day of October, 1883, and a verdict was
directed for the plaintiff. On appeal from the judgment
entered on the verdict the General Term of this court
reversed the judgment and ordered a new trial (12 Daly
292). The new trial was had before Judge VAN HOESEN
and a jury on the 29th day of April, 1884, when the com-
plaint was dismissed.

The defendant's counsel moved for judgment on his
counterclaim and the court directed that the counterclaim
stand over for trial at the next Equity Term.

The counterclaim set up by the defendant in his answer

came on to be tried before Judge BEACH at the Equity Term on the 2d day of June, 1884, and judgment was rendered for the defendant directing a specific performance.

On the trial before Judge VAN HOESEN the plaintiff asked for a dismissal of the counterclaim on the ground that facts sufficient to constitute a counterclaim were not set forth and that such a counterclaim as the one contained in the answer could not be pleaded in this action. He also moved on the trial before Judge BEACH at the Equity Term for a dismissal upon the same ground.

When the appeal came on to be argued before this court the rulings of the court below were found to be in accordance with the opinion of the General Term which ordered the new trial, except so far as they relate to the counterclaim : no question as to that was raised on the first trial and the matter is therefore, not discussed in the opinion.

There remains to be considered only the questions presented at the second trial before Judge VAN HOESEN and the trial before Judge BEACH as to the counterclaim.

The counterclaim pleaded in the defendant's answer is in conformity with the requirements of section 501 of the Code.

The plaintiff seeks to recover a certain sum of money which he paid to the defendant upon a contract for the purchase of real estate. The answer of the defendant sets up matters tending to show that the plaintiff ought not to recover, but ought to be compelled to perform his contract. It therefore tends to defeat the plaintiff's recovery.

The counterclaim here is a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. It is enough to say that the cause of action was money paid by the plaintiff to the defendant upon the contract above mentioned, and the counterclaim is for a specific performance by the defendant of the same contract. Certainly the counterclaim has such a relation to the subject matter of the action, that it will be just and equitable that both should be settled by one litigation (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552).

The counterclaim is sufficiently pleaded by the answer.

The answer contains all the elements of a good cause of action for specific performance and demands an affirmative relief. The plaintiff could not have been misled by the pleading.

That such an answer amounts to a counterclaim is held by authority (87 N. Y. 550; 81 N. Y. 251; 1 Lans. 61; 52 N. Y. 237; 37 N. Y. 408).

The judgment should be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.