### DINSMOOR v. COMMERCIAL TRAVELERS' ASS'N.

*(Supreme Court, General Term, Fourth Department. April, 1891.)*

1. CONTEMPT—ATTORNEY AT LAW—DEFECTIVE ADJUDICATION.

Code Civil Proc. N. Y. § 2281, provides that a person may be punished, as for a contempt of court, whose conduct has been such as to "defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding." W., an attorney at law, was adjudged guilty of a contempt in prosecuting a suit in a federal court in disobedience of a restraining order of court, "whereby the interests and rights of the defendants in this action were endangered and damaged thereby." *Held,* that there was no express adjudication of W.'s guilt, within the exact language of the statute, and that an order imposing a fine upon him therefor should be reversed.

2. SAME—FAILURE OF EVIDENCE.

In a proceeding against an attorney at law for contempt in prosecuting a suit in disobedience to the restraining order of the court, the attorney stated positively that "he is not an attorney or counsel for the plaintiff in this case, and never was employed by the plaintiff as such," and that the said restraining order "was never served on deponent, or in any way came to his knowledge, before the order to show cause was served upon deponent." The attorney's name did not appear upon the summons in the action, and was not found in the restraining order. *Held,* that an order imposing a fine on the attorney for contempt should be reversed.

Appeal from special term, Onondaga county.

Action by Jarvis Dinsmoor against the Commercial Travelers' Association of the State of New York, to recover $5,000 loss alleged to have been sustained by Mary F. Curran under the terms of the policy issued by the Commercial Travelers' Association, payable to her upon the death of her husband, Daniel C. Curran, who died on the 9th of July, 1889, she having assigned her claim under the policy to Jarvis Dinsmoor, her brother-in-law; and his complaint was verified on the 26th day of December, 1889. After the service of the summons and complaint, apparently attorneys were employed for the association, who obtained orders for extensions of time to answer, but in fact never put in any answer, although the orders bore the indorsement of the names of the attorneys of the defendant. In the appeal book is found an order of the special term held in Onondaga county on April 4, 1890, containing the title of this action, and reciting that, upon reading and filing an affidavit of the plaintiff's attorneys, it is "ordered that the within action be, and the same is hereby, discontinued, upon payment to the defendant any costs to which he is entitled to be taxed." The case contains a statement that the order from which the quotation has just been made was obtained upon the affidavit of one of the plaintiff's attorneys; and the affidavit contained a statement "that no answer has been served herein, and that there has been no formal notice of appearance served herein; * * * that deponent has tendered to said attorneys a stipulation of discontinuance herein, and offered to pay the costs which have accrued, if any, to them as such attorneys." The appeal-book contains an affidavit that the order and affidavit were served on the defendant's attorneys at their office on the 4th of April, 1890, and at the same time a tender of $10 costs was made, which the defendant's attorneys refused to accept. The appeal-book contains an order granted at the Onondaga special term held on the 5th day of April, 1890, which contained a provision as follows: "It is ordered that the above-named plaintiff, Jarvis Dinsmoor,

and his attorneys, agents, servants, and employes, be, and they and each of them hereby are, enjoined and restrained, during the pendency, and until the final determination, of the action heretofore brought, and now pending in this court, wherein Hector B. Johnson, as sheriff of the county of Onondaga, is plaintiff, and said Jarvis Dinsmoor, Mary F. Curran, and the Commercial Travelers' Association of the State of New York are defendants, from commencing, instituting. or prosecuting any action or actions in this or any other court against the defendants herein, otherwise known as the 'Commercial Travelers' Association of the State of New York,' for the purpose of enforcing, prosecuting, suing, or collecting a certain claim or demand of $5,000 alleged to be due and owing to said Dinsmoor from said Commercial Travelers' Association of the State of New York, and assigned, as alleged by said Mary F. Curran, to said Dinsmoor. It is further ordered that the said Dinsmoor, and his attorneys, agents, servants, and employes, be, and they are and each of them is hereby, enjoined and restrained from the further prosecution and from taking any other or further proceedings in this action during the pendency, and until the final determination, of said action brought by said Hector B. Johnson, as sheriff as aforesaid, and until the further order of the court herein." In the affidavit used to obtain the order to show cause why the alleged violation of the order of the 5th of April should not be followed with punishment, it was said: "And deponent further says that, notwithstanding the terms and provisions of said order of April 5th, the plaintiff, Dinsmoor, herein, by and through his attorney, M. M. Waters, Esq., has commenced an action or suit in equity against the defendant herein in the circuit court of the United States for the northern district of New York, which suit or action deponent alleges, on information and belief, is brought for the recovery of the said $5,000 demand hereinbefore mentioned; that process in said suit or action was served upon the defendant herein, November 6, 1890." The order to show cause was granted on the 10th of November, 1890. From an order imposing a fine of $250 upon him, the said M. M. Waters appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*M. M. Waters, in pro. per. George Doheny,* for respondent.

HARDIN, P. J.   1. Appellant, in his affidavit used upon the return of the order to show cause, states positively "that he is not an attorney or counsel for the plaintiff in this case, and never was employed by the plaintiff as such." We do not find the indorsement of the appellant's name upon the summons or complaint in this action, nor do we find his name recited in the order of the 5th of April, 1890.

2. In the appellant's affidavit used upon the return of the order to show cause, we also find the following positive statement made by him, to-wit: "And that the original order specified in the moving papers herein as the foundation for the order to show cause was never served on deponent, or in any way came to his knowledge before the order to show cause was served upon deponent." Accepting the statement of the appellant in the fullest and broadest sense in which it is capable of being understood, it may be said that the restraining provisions of the order of April 5th did not rest upon the appellant at the time he acted as solicitor in the federal court.

3. The appeal-book does not contain an order vacating the order of discontinuance made on the 4th day of April, 1890. In *Wilder* v. *Boynton,* 63 Barb. 549, it was said: "The court has a right to control its own orders, and may exercise its discretion in respect to the terms upon which parties shall be permitted to discontinue actions." That case was affirmed in this department, January 7, 1873. In *Re Butler,* 101 N. Y. 309, 4 N. E. Rep. 518, it was said, viz.: "Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to

commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the court exercises over the entry of its orders, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary, and without any basis upon which discretion can exist."

4. In the order appealed from there is found the following phrase: "By the commencement of this action in the said circuit court the interest and rights of the defendant in this action and of the sheriff in the action prosecuted by him were endangered, and they each damaged thereby." Sections 14 and 2266 of the Code of Civil Procedure confer power to punish for contempt in cases where "a right or remedy of a party to a civil action or special proceeding, pending in the court, may be defeated, impaired, impeded, or prejudiced thereby;" and section 2281 of the Code provides as follows, viz.: "If it is determined that the accused has committed the offense charged, and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge or referee, the court, judge, or referee must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires." In *Swenarton* v. *Shupe*, 40 Hun, 42, it was held that an order was void because "no adjudication was made that the misconduct complained of was calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of the petitioner, or that the latter had sustained any loss or damage thereby;" and in *Sandford* v. *Sandford*, Id. 540, it was held that, "to punish a party for contempt in a civil proceeding, his conduct must be such as to defeat, impair, impede, or prejudice a right or remedy of the party affected by it, and that fact must be ascertained and adjudged by the court directing the punishment which is to be imposed." In *Fischer* v. *Langbein*, 103 N. Y. 85, 8 N. E. Rep. 251, it was said that the commitment and the order, and the affidavit upon which it was founded, "stated in detail the proceedings which it was claimed the disobedience affected;" and it was there held that such a statement was a full compliance with the requirements of the rule in respect to the contents of a commitment. In the case in hand there was no express adjudication, within the exact language of the provisions of the statute to which we have referred. From the foregoing features of the case before us, we deduce the conclusion that the order should be reversed. Order reversed, with $10 costs and disbursements, payable by the respondent. All concur.