## WASHINGTON GLASS CO. v. BENJAMIN et al.

*(Supreme Court, General Term, First Department. December 31, 1891.)*

DISMISSAL OF SUIT—COUNTER-CLAIM PLEADED.

An application by plaintiff, a foreign manufacturing corporation, to discontinue an action, on the ground of the discovery of unusual difficulties in proving its claim, commenced by it for breach of contract, in which defendants set up counter-claims for breaches of the same contract by plaintiff, is properly denied, in the court's discretion, notwithstanding plaintiff's attorney agrees to stipulate to bring another action in which the counter-claims may be set up, it not appearing that he has authority thus to bind plaintiff, and especially as plaintiff may accomplish the object of a new suit by amendment of the complaint.

Appeal from special term, New York county.

Action by the Washington Glass Company against Edmund B. Benjamin and another to recover for breach of a contract by defendants to sell glass for plaintiff, and collect and turn over the proceeds. Defendants set up a counter-claim for breach of the same contract by plaintiff. Plaintiff appeals from an order denying leave to discontinue on payment of costs, and from an order denying a motion for a reargument. Affirmed.

Argued before VAN BRUNT, P. J., and INGRAHAM and DANIELS, JJ.

*Watson & Hagen, (James Watson,* of counsel,) for appellant. *Shepard, Terry, McKelvey & Prentiss, (Seth Sprague Terry,* of counsel,) for respondents.

DANIELS, J. The plaintiff is a corporation formed and existing under the laws of the state of Pennsylvania, and there engaged in the manufacture of glassware. By a contract entered into with the defendants, the plaintiff agreed to sell and deliver glass manufactured by it, as that should be directed by the defendants, for which they were to receive a certain commission or deduction from the price of the sales, amounting to the sum of 10 per cent. They were to collect the bills, and turn over the money to the plaintiff after making this deduction. It is averred in the complaint that they failed to do this to the extent of upwards of $16,000, and the object of the action was the recovery of this excess. By their answer the defendants deny their liability, and set up two counter-claims, one consisting of their commissions upon glassware ordered and delivered, amounting to the sum of $1,000, and the other for the sum of $502, for the alleged failure of the plaintiff to deliver goods which had been sold, within the time when that should have been done, and by omitting to do which these damages are alleged to have been sustained by the defendants. An application was made, on notice, to the special term for leave to discontinue the action upon the payment of the defendants' costs; but that was denied by the court because of these counter-claims contained

in the answer, and it is from the order denying that application that this appeal has been brought. The affidavit upon which the motion was made is that of one of the plaintiff's attorneys in the action; and the prominent reason assigned by him in that affidavit to support the application is that the plaintiff had shipped goods to a large number of persons nominated by the defendants; that these persons resided in various states, and the attorney was informed by the plaintiff, and believed, that they had no means of knowing what part of the shipments, amounting to the sum of $42,592.41, had been paid to the defendants, and that it would become necessary to examine a large number of witnesses by commission to obtain proof of those payments;" and for that reason, and to avoid the labor and expense of obtaining the evidence in that manner, the application to discontinue was made. But this affidavit, made in this manner, presented no substantial grounds for the success of the application. It depended mainly for its effect, by way of sustaining the motion, upon facts unknown to the attorney, and concerning which he had no more than information from the plaintiff. But, beyond that, it appeared by the affidavits used in resisting the motion that, as the plaintiff was not a resident of the state, the defendants would be incapable of instituting an action to recover their demands against it in this state, because of their inability to obtain service of a summons upon the plaintiff; and in answer to that, and in support of an application for the reargument of the motion, it was stated by the attorney that he would stipulate that, within 10 days from the obtaining of leave to discontinue, the plaintiff would institute another action in this court against the defendants, wherein their counter-claims might again be interposed and determined. The court considered that this affidavit containing the offer was not sufficient to secure a different disposition of the motion, and therefore denied the application for a reargument; and in that denial it appears to be justified for the reason that the plaintiff itself would not be bound by this offer of the attorney. He did not appear to possess that control over the demand, or of the operations of the plaintiff, as would obligate it to commence and prosecute such an action. If the discontinuance had been allowed for this reason, there would have been no difficulty in the way of the plaintiff withdrawing the authority of the attorney entirely over the litigation, and in its refusal to commence the proposed action; and, as there was no certainty that the plaintiff would become bound to act otherwise by reason of this offer, it was the duty of the court to reject it, and to dispose of the motion upon the facts previously appearing from the affidavits; and they proved that inconvenience, and probable injustice, would result to the defendants by allowing an order to be entered for the discontinuance of the action on the terms proposed by the plaintiff. Applications of this description are addressed wholly to the discretion of the court; and it is to be determined, by the facts which are made to appear, whether that discretion can be justly and reasonably exercised in favor of the plaintiff in an action of this description. *Geenia* v. *Keah,* 66 Barb. 245; *Carleton* v. *Darcy,* 75 N. Y. 375; *Bowe* v. *Insurance Co.,* 27 Hun, 312; *Campbell* v. *Campbell,* 54 How. Pr. 115; *Wilder* v. *Boynton,* 63 Barb. 547, This discretion in this manner vested in the court was not unwisely exercised in the disposition of the motion. The case was not one, as the facts were presented, where a discontinuance could be ordered without probable injustice to the defendants; and, if a new suit is really intended to be brought, all that the plaintiff could accomplish by the action may be attained by a motion to amend the complaint, and so extend it as to include all the grounds the plaintiff may have for such an action. Each of the orders should be affirmed, with $10 costs and the disbursements. All concur.