The decree "of this Court, made at Special Term, should be reversed. Because—
I. The plaintiffs had not, at the time of the tender of the con *163 veyanee to the defendant, and his refusal to accept the same and complete the purchase, nor had they at the time of the trial,, a marketable title to the premises in question.
1. The lands of the deceased could be sold for the payment of his debts, on the application of the administrator, at any time within three years after the granting of letters of administration, and any creditor of the deceased could compel a sale for the payment of debts. The debts of the deceased are thus made a lien upon the land for three years at least. (2 R. S., p. 100, § 1, marginal paging; Laws of 1837, p. 536, § 72; Laws of 1843, p. 228, § 1; Hyde v. Tanner, 1 Barb. S. C. R. 75; Ferguson v. Brown, 1 Bradford R. 10.)
2. The supposed title of the plaintiffs, as heirs-at-law, might be defeated by the production of a last will and testament of the deceased within four years after his death. (1 R. S. 748, § 3.)
The fact, whether there were creditors of the deceased, or whether there was sufficient personal property to pay his debts, or whether he made a will, could not be determined in. this action. No proof or proceedings taken herein would conclude a creditor, nor any person claiming under a will of the deceased, and in such a case a purchaser should not be compelled to take. The exceptions to the evidence on these points were well taken. (Lowes v. Lush, 14 Vesey, 548; Smith v. Death, 5 Madd. 371; Atkinson on Titles, p. 391, etc. 404, etc. 590, etc. See also Pyrke v. Waddingham, 17 Eng. Law & Eq. 534.)
II. But even if it appeared on the trial that the plaintiffs could then give a good title, the defendant should not have been compelled to take.
1. On the first day of May, 1857, when the contract was to be performed, and when the deed was tendered, the administrator had not advertised for creditors to present their claims. It was not then in the defendant’s power to decide, nor could this Court have then determined, with any certainty, the questions of fact upon which the validity of the title depended.
2. The defendant properly refused to take, on the ground that the plaintiffs could not, at that time, give him a marketable title, and he then elected to rescind the contract. If the plaintiffs were unable, on that day, to give a marketable title, the defendant had a right to rescind the contract, and it could not after- *164 wards be enforced against Mm. (Dominick v. Michael, 4 Sand. Superior Ct. R. 374.)
• HI. It is no answer .to these objections to say, that if they prevail, heirs-at-law will be unable to sell, and compel purchasers to take until after the lapse of three or four years from the death of the intestate. Heirs-at-law may sell and convey immediately upon the death of their ancestor, and all difficulties will be obviated by their contracting to sell the title which-they really have, and no other. Purchasers may then determine what they will pay for such a title. It is not pretended, nor is- there any proof in this case, that the plaintiffs professed to sell only the title wMch they had as heirs-at-law of the deceased. The defendant contracted for a good and marketable title, and knew nothing of the character of the plaintiffs’ title.
IY. There should have been judgment for the defendant, and a reference to ascertain the amount of damages, etc., sustained by him.
J. larocque, for Respondents..
By the Coubt. Boswobth, J.—The
plaintiffs are the sole heirs-at-law of Peter B. Schermerhorn, deceased. He died, seized of the premises in question, in fee, free from all incumbrances. If he died .intestate, owing no debts, the title of the plaintiffs, as his heirs-at-law, is as perfect and absolute, as was his own; at the time of his death.
If their title was one to. which the defendant had- no right to object, the judgment appealed from is free from error.
The deceased died on, the 20th of November, 1855. On the 15th of December, 1855, the Surrogate of New York, (the county in which P. B. Schermerhorn resided and died,) on proof satisfactory to him that P. B. Schermerhorn died intestate, granted letters of administration on his estate to George R. J. Bowdoin.
On or about the first of May, 1856, the plaintiffs tendered to the defendants, a full covenant warrantee deed of the premises in question. This action was brought to trial on the 22d of January, 1857. It was proved that diligent and proper search had been made for a will of the deceased, and that none could be found.
*165 It was also proved, that on the 8th of June, 1856, an order was obtained by the administrator to advertise for creditors to present their claims on or before the 10th of January, 1857; that notice of the order had been duly published, and that claims to the amount of $500, only, had been presented.
It was also proved, that the personal estate of the deceased amounted to about $10,000, and that he was tenant in common with the other plaintiffs in property worth from $70,000 to $100,000, and was interested in still other real estate.
This evidence demonstrates, with a high degree of moral certainty, that the title tendered was perfectly good.
It is" true, there is a possibility, that a will may be discovered and established which may affect the title. There is also a possibility, that claims of creditors may be presented and established which will not only exhaust the personal estate, but which may make it necessary to resort to the real estate of the deceased to obtain satisfaction of such claims.
But the possibility is so slight as to be destitute of substance, and is not sufficient to justify the defendant in refusing to perform his contract.
As the law does not regard trifles, a bare possibility that the title may be affected by existing causes which may subsequently be developed, when the highest evidence, of which the nature of the case admits, and evidence, amounting to a moral certainty, is given, that no such cause exists, will not be regarded as a sufficient ground for declining to compel a, purchaser to perform his contract. (Winne v. Reynolds, 6 Paige, 407 and 413; Belmont v. O’Brien, 2 Kern. 395; Seymour v. Delaney, Hopkins’ R. 436; Spring v. Sandford, 7 Paige, 550.)
The evidence," to the admission of which the defendant excepted, was competent, with a view to establish the facts; that the deceased died intestate, and owing no debts, which could be made the means of impairing the title which the tendered deed, in terms, conveyed.
We think there is no error in the judgment appealed from, and that it should be affirmed.