WILLIAM MOSER, Respondent, *against* THOMAS B. COCH
RANE, Appellant.

(Decided January 21st, 1884.)

It is not valid ground for rejecting a deed tendered under a contract fo.
the sale and conveyance of real property, that the title of the vendor
was acquired by inheritance from an ancestor, since whose decease suffi-
cient time has not elapsed to make it certain that the title can by no pos-
sibility be affected by the discovery of a will or by proof of claims
against his estate, where it appears reasonably certain that such ancestor
died without a will, that he left personal property much more than
enough to pay his debts, and that most of his debts have been paid and
the others are in course of settlement.

APPEAL from a judgment of this court entered upon the
verdict of a jury rendered by direction of the court.

The action was brought to recover money which had been
paid by plaintiff to defendant on a contract for the sale and
conveyance by defendant to plaintiff of certain real prop-
erty, the deed for which, when tendered, plaintiff refused
to accept. His reasons for such refusal were stated in the
complaint, as follows :

" *First.*—That the said property was part of the estate of
James Cochrane at the time of his death who died intestate
on or about the 28th day of December, 1880, as the admin-
istration of the said estate has not been closed, and as three
years have not elapsed since letters of administration were
granted on the estate of the said James Cochrane. That
this plaintiff would have to take the said property subject
to any debts of said James Cochrane, if any there were
after the personal estate was exhausted.

" *Second.*—That four years have not elapsed since the
death of James Cochrane, and if within four years after his
death a last will and testament of his property be found,
said last will and testament would govern the disposition
thereof and the conveyance to plaintiff be void."

At the trial, a verdict for plaintiff was directed by the

court. From the judgment entered thereon, defendant appealed.

*James R. Marvin*, for appellant.

*Charles Matthews*, for respondent.

VAN HOESEN, J. — A purchaser cannot reject a title merely because of a speculative possibility that at some future time it may be discovered to be defective. He must take the title he has bargained for unless there be a reasonable doubt as to its validity. That reasonable doubt must arise upon facts that appear upon the trial; and it cannot be said that the doubt is reasonable if its only foundation is a hypothetical state of affairs—a state of affairs the existence of which is unproved by any evidence whatsoever. This is the rule laid down as well in the text books as in the decisions.

Applying the rule to this case, it is obvious that the judgment must be reversed. The defendant voluntarily assumed the burden of showing that the doubts of the plaintiff as to the title were merely speculative; and the evidence he offered makes it reasonably certain that James Cochrane died without a will, that he left personal property more than enough to pay his debts twice over, and that most of those debts have been paid, whilst the others are in course of settlement. Upon this state of facts, what well founded doubt can there be as to the validity of the defendant's title, though four years have not elapsed since James Cochrane's death?

It is unnecessary to spend time in discussing the matter, because the authorities bearing on the point in controversy are absolutely controlling. The cases of *Spring* v. *Sandford* (7 Paige 550), and *Schermerhorn* v. *Niblo* (2 Bosw. 161), are directly in point. The New York cases are not singular in holding that the right of the heir to convey the land that he inherits is not suspended (for that is in effect what the plaintiff contends for) until the lapse of time has made it

certain that the title he conveys can by no possibility be affected by the discovery of a will, or by proof of claims against the estate of the ancestor.

The Supreme Court of Massachusetts, in *Hayes* v. *The Harmony Grove Cemetery Co.* (108 Mass. 400), without referring to the New York cases that I have cited, came to the same conclusion that was reached by Chancellor WAL-WORTH, and by Judges DUER, BOSWORTH and HOFFMAN. The observations of the Massachusetts court on the subject of protecting the purchaser from even the bare possibility of loss are commended to the consideration of counsel, inasmuch as, in that case as in this, a mortgage was to be given by the purchaser to secure a part of the purchase money.

The judgment of the court below should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.