(5 App. Div. 598.)

### RACE v. STEWART.

(Supreme Court, Appellate Division, Third Department. May 21, 1896.)

EJECTMENT—EVIDENCE—QUESTION FOR JURY.

Plaintiff was in possession of a lot, the deeds of which described it as lot No. 10, and the "Brick Store Lot," 72½ feet wide and 150 feet deep, and bounded on the south by lot No. 12. Some years before the date of the deed there was a brick store on lot No. 10, and a fence at the place which plaintiff contended was the true line between his premises and lot No. 12. It was also shown that the lot north of the fence was called the "Brick Store Lot." The fence remained there about 24 years, and it was then taken down, and a new one erected in its place. The new fence stood until it was torn down by defendant more than six years afterwards. If such fence was the true line, lot No. 10 would be 77½ feet wide, instead of 72½ feet. *Held*, that the evidence was sufficient to sustain a finding that there was practical location of the line between lots Nos. 10 and 12, or a possession by the owners of lot No. 10 long enough to give them a prescriptive title up to the fence, and therefore it was error to direct a verdict for defendant.

Appeal from circuit court, Saratoga county.

Action by Eugene Race against John W. Stewart to recover possession of a strip of land between lots 10 and 12 in the village of South Glens Falls. From a judgment entered on a verdict directed by the court in favor of defendant at the close of all the evidence, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

J. W. Houghton, for appellant.
T. D. Trumbull, Jr., for respondent.

PUTNAM, J.　The plaintiff is the owner of lot No. 10, and the defendant of lot No. 12, on a map of village lots of South Glens Falls.　One Julius H. Rice was the former owner of both lots. The plaintiff claims under a deed from said Julius H. Rice to Charles Rice et al., dated May 10, 1860.　In that conveyance lot 10 is described as situate on Main and Water streets, in said village, and as 72½ feet wide and 150 feet deep.　The lot is also described as bounded southerly by lot No. 12, now owned by the defendant, and as being called the "Brick Store Lot."　The plaintiff claimed that, although, in said deed, the lot is described as running 72½ feet along Main street, it was, in fact, 77½ feet in width, and embraced a strip of about 3 feet on the southerly line, of which the defendant took possession shortly before the commencement of the action.　The trial judge directed a verdict in favor of the defendant.

Some years prior to the aforesaid conveyance from Julius H. Rice to Charles Rice and others, there was a brick store on lot No. 10, and a fence at the place which, plaintiff contends, is the true line between his premises and those of the defendant.　At the rear of the store, and within a foot of this fence, was a shed used in connection with the store.　It was shown that the lot north of the fence was called the "Brick Store Lot."　That fence remained there about 24 years, and was then taken down, and a new one erected in its place, which, or a portion of which, remained until the defendant tore it down, shortly before the commencement of this action.　There is evidence from which a jury might have found that the owners of lot No. 10 used and occupied, in connection with their store, up to this fence for a period of over 30 years.　As the evidence, therefore, would have sustained a finding that the plaintiff and his grantors had occupied lot No. 10, up to the said fence, for a period of about 30 years, we are of the opinion that the case should have been submitted to the jury, who could have found a practical location of the line between the plaintiff and defendant, or a possession by the former and his grantors of the premises in dispute for such a period as entitled him to maintain the action.　See Reed v. Farr, 35 N. Y. 113; Baldwin v. Brown, 16 N. Y. 359; Hill v. Edie (Sup.) 1 N. Y. Supp. 480.　The distances named in the description of the deed do not necessarily control.　Robinson v. Kime, 70 N. Y. 147.　The premises conveyed by the above-mentioned deed being described as the "Brick Store Lot," a finding could have been properly made that the grantor intended to convey the lot fenced, used, occupied, and known by that name.

Again, the witness Arnold made a survey of lots 10 and 12.　In doing so he used the map of South Glens Falls, and made a survey in accordance therewith.　No question seems to have been raised on the trial as to the authenticity or authority of this map. No objection was interposed that it was not the map mentioned in the deed from Julius H. Rice to Charles Rice and others.　The evidence of Arnold was to the effect that the plaintiff's lot was 77½ feet wide, and that of the defendant 64 feet, and that the plain-

tiff, as the owner of lot No. 10, was entitled to the strip of land he seeks to recover in this action. If the evidence of this witness was to be relied upon, the deed under which the plaintiff claimed conveyed to his grantor the premises in question. The evidence above mentioned and other testimony in the case, we think, raised a question of fact, which should have been submitted to the jury.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.