## CARR v. DOOLEY.

(Supreme Court, Trial Term, New York County.   February 4, 1897.)

VENDOR AND PURCHASER—CONTRACT TO CONVEY—INCUMBRANCES.

One who has contracted for a conveyance of land to him "free and clear of all incumbrances" need not accept it subject to a mortgage, though the vendor offers to allow him to retain sufficient of the purchase money to satisfy the mortgage, where immediate satisfaction of the mortgage is impossible.

Action by Edward F. Carr against Martin J. Dooley for breach of contract to convey land.   Judgment ordered for plaintiff.

Wm. Langdon and A. C. Thomas, for plaintiff.
J. J. Gleason and J. A. Hodge, for defendant.

McADAM, J.   The action is to recover $100 deposit made on a contract of purchase of certain real property at Flushing and $80.42 expenses of examining title, upon the ground that on September 3, 1895, the time fixed for completing the purchase, the defendant was unable to convey because of four certain mortgages upon the property which were unpaid and unsatisfied of record.   The defendant cites from Maupin on Marketable Title to Real Estate (page 728, § 304), that portion wherein the author says:

"As a general rule an incumbrance upon the premises, so long as it may be removed by application of the purchase money, or where the vendor being solvent offers to remove it or may be compelled to do so, furnishes no ground upon which the purchaser may refuse to complete the contract or recover damages against the vendor."

But Maupin subsequently distinguishes the case to which he refers from one where the contract (as in this instance) expressly provides that the premises shall be conveyed free and clear of incumbrances.   Of course, it is only necessary that the property shall be free and clear at the time for closing title, for the vendor is not bound to raise the money and pay the incumbrances in advance. If he produces the holder of the lien ready to satisfy on payment of the money secured thereby, he can rely on the purchase money as the fund from which such payment can be made.   Webster v. Trust Co., 80 Hun, 420, 30 N. Y. Supp. 357, affirmed 145 N. Y. 275, 39 N. E. 964; Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Campbell v. Prague, 6 App. Div. 554, 39 N. Y. Supp. 558.   But the vendee cannot be compelled to take a title different from that he contracted for.

The defendant offered to allow the plaintiff to retain sufficient of the purchase money in his hands until satisfaction pieces of the outstanding mortgages were obtained.   The objection to this was that the mortgagee was absent in Europe, and there was no one present on her behalf with the necessary releases.   Besides, two of the mortgages were not then due, and there were no means of compelling their satisfaction.   Missouri, K. & T. Ry. Co. v. Union Trust Co., 87 Hun, 377, 34 N. Y. Supp. 443.   The circumstance that interest was over two months in arrear may have given the mortgagee the option to regard the principal as due, but she was the sole judge as to the exercise of that option.   Such default gave the mortgagor

or owner of the fee no right to demand discharges upon tender of the principal and interest. The plaintiff was under no obligation to await the defendant's convenience, or the return of the mortgagee, and had the right to insist upon performance at the appointed time. He made a tender of the purchase money, and demanded a deed, according to the terms of the contract, and the inability of the defendant to comply put the latter in default; and, under the principles laid down in Zorn v. McParland, 8 Misc. Rep. 126, 28 N. Y. Supp. 485, affirmed 11 Misc. Rep. 555, 32 N. Y. Supp. 770, and Ziehen v. Smith, supra, the plaintiff is entitled to recover, not only the deposit made, but the reasonable expense of examining the title. See, also, Northridge v. Moore, 118 N. Y. 419, 23 N. E. 570; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115.

The objection, made at the trial, to the power of sale in the will under which the defendant was acting, is inconsistent with the theory of tender of performance upon which the plaintiff proceeded, and is without merit as well. The executor was vested with a discretionary power of sale, not depending on any condition other than his own judgment as to the propriety of its execution. The words, "and in case it be necessary and proper for the preservation of the property," relate solely to the replacing of mortgages as a means of preserving the title, and not to an absolute sale of the fee. This was the testator's evident intent, which is the cardinal rule of testamentary construction. Schouler, Wills, §§ 466, 478. The defendant is personally liable on the contract, notwithstanding the representative capacity in which he assumed to act in making the contract. Redf. Prac. Sur. Cts. (3d Ed.) 507, 508; Cary v. Gregory, 38 N. Y. Super. Ct. 127; Schmittler v. Simon, 25 Hun, 76; New v. Nicoll, 12 Hun, 431, affirmed 73 N. Y. 127. And, the action not being against him in his representative character (Code, §§ 1835, 3246), he is liable for costs, like any other defendant.

There must be judgment in favor of the plaintiff for $195.38, being the amount claimed, with interest added.