KEITEL et al. v. ZIMMERMANN et al.

(Supreme Court, Trial Term, New York County. February 10, 1897.)

1. VENDOR AND PURCHASER—DEFECT IN TITLE—BURDEN OF PROOF.
    A purchaser refusing to accept a conveyance because vendor's title is derived from a decedent whose administrator failed to publish notice to present claims against the estate, must prove the existence of claims against the decedent which his personalty is insufficient to pay.

2. SAME—INAPPRECIABLE ENCROACHMENT.
    An encroachment of half an inch on adjoining land is so slight as not to warrant a purchaser in refusing to accept a conveyance.

3. SAME—DAMAGES FOR BREACH OF CONTRACT—EVIDENCE.
    The price at which land is resold after breach of a contract by defendant to purchase does not establish its value in an action against him for such breach.

4. SAME—INCUMBRANCES—SATISFACTION OUT OF PURCHASE MONEY.
    A contract to convey land free of incumbrances is substantially performed where the mortgagee attends at the place of sale prepared to satisfy the mortgage on the consummation of the sale.

Action by Thomas Keitel and others against Joseph J. Zimmermann and others to recover back earnest money and disbursements on the ground that defendants were unable to perform a contract to convey to plaintiffs. Defendants counterclaimed damages by plaintiffs' refusal to accept a conveyance. Complaint and counterclaim dismissed.

John Hardy, for plaintiffs.

· J. G. Flammer, for defendants.

McADAM, J. The plaintiffs, vendees in a contract for the purchase of premises No. 445 West Fifty-Third street, New York City, sue the defendants, as vendors, to recover back $250 deposit on the execution of the agreement, and $168.90 paid for examining the title, upon the ground that the defendants were unable to perform their undertaking. The contract is signed by the vendors only; but this is sufficient, for the rule is settled that in equity for obtaining a specific performance, as well as at law for recovering damages, the signature of the party who makes the engagement is all that the statute requires; and this is put upon the ground (in addition to the unqualified language of the statute itself) that the plaintiff, by his act of filing the bill, has made the remedy mutual. Browne, St. Frauds, § 366; Ballard v. Walker, 3 Johns. Cas. 60; Roget v. Merrit, 2 Caines, 120; Clason v. Bailey, 14 Johns. 484. The plaintiffs' right to recover rests upon the following objections to the title:

1. That in the partition suit of Striker v. Mott, which resulted in a decree January 10, 1865, there was a substantial defect, which gave rise to an action submitted for decision to Mr. Justice Gildersleeve June 3, 1896. The character of the alleged blemish does not clearly appear, and is perhaps not material now, for it has since been decided that the objection is without merit.

2. That one undivided third interest in the property was derived by the defendants, as heirs at law of Louis Zimmermann, who died August 16, 1892, leaving no other property (according to the petition filed for letters of administration) except personalty not exceeding in amount $100; and that no notice to present claims had been published, as required by statute. Redf. Prac. Sur. Cts. (3d. Ed.) 533. The evidence shows that the intestate left no debts, and that his funeral expenses were paid by his brother, and the sole purpose of administration was to collect some unpaid salary. Apart from this, it is settled law that to entitle purchasers to the relief sought here, based on such an objection, they are bound to show debts as well as an insufficient personal estate. Moser v. Cochrane, 12 Daly, 292, affirmed 107 N. Y. 35, 13 N. E. 442; Schermerhorn v. Niblo, 2 Bosw. 161.

3. That on May 13, 1893, the time fixed for closing title, there was an unsatisfied mortgage on the premises to one Da Cunha to secure $4,000, besides one year's unpaid Croton tax. It was proved that the husband of the mortgagee attended at the place for closing title with a satisfaction piece ready to deliver on the consum-

mation of the sale, and that the defendants were willing to allow and pay the unpaid water tax then and there; so that there is no merit in this objection. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Campbell v. Prague, 6 App. Div. 554, 39 N. Y. Supp. 558; Carr v. Dooley, 43 N. Y. Supp. 399.

4. That the property was sold subject to a mortgage for $9,000, with interest at 5 per cent., whereas the mortgage called for 6 per cent. It was proved that the mortgagee had reduced the rate of interest to 5 per cent., and that no greater sum had been exacted for some time prior to the date fixed for closing title. It did not appear that the mortgage was not due, nor did the contract require that it should remain on the property. So that the sum to be paid rather than the rate originally fixed, was the only practical matter to be considered.

5. That there was a slight encroachment on the adjoining lot. This was explained by Mr. Serrell, the surveyor, who testified that it was common experience to find a block a little longer or a trifle shorter than the official maps called for, in which case the surplus was divided among or the deficiency made up by the adjoining owners; that on the block in question there was a surplus, so that each house had an extra width of a quarter to half an inch; and that the alleged encroachment was nothing more or less than this surplusage, which, by common consent, belonged to the defendants' lot. Independently of this, the incumbrance, if it existed, being of so trifling a character, would not be considered a defect in the title. "De minimis non curat lex." Katz v. Kaiser, 10 App. Div. 137, 41 N. Y. Supp. 776. The defendants were undoubtedly willing to convey, and the title would have gone through if the plaintiffs had been willing to take, but they would not; and they were no doubt honest in the belief that it would not be advisable to accept the title the defendants were able to convey. No ground of objection other than the one of alleged encroachment was specified with the particularity that would enable the vendors to obviate the remediable objections stated. The title offered was merchantable, and was subsequently approved on a sale to another purchaser at a price $700 less than that for which the plaintiffs had agreed to take the property, and this sum the defendants seek to recover from the plaintiffs by way of counterclaim. The true measure of damages against a vendee in default on such a contract is the difference between the price fixed in the contract and the value at the time fixed for delivering the deed. 1 Sedg. Meas. Dam. (7th Ed.) 382, 383; Wilson v. Holden, 16 Abb. Prac. 133; Congregation Beth Elohim v. Central Presbyterian Church, 10 Abb. Prac. (N. S.), at pages 496–498. Of this there is no proof other than that furnished by the subsequent sale by private compact without notice to the plaintiffs, and, the price realized being the result of negotiations with which they had nothing to do, a proper measure of recovery is not established as against them. See Hine v. Railway Co. (N. Y. App.) 30 N. E. 985; Keller v. Paine, 34 Hun, at page 177; Van Brocklen v. Smeallie, 64 Hun, 467, 19 N. Y. Supp. 788. The case last cited was reversed in 140 N. Y. 70, 35 N. E. 415, but upon the sole ground that

the interest sold, though treated as realty, was in law personalty, and, as the resale was on notice, it was controlled by the decisions in Dustan v. McAndrew, 44 N. Y. 78, and Hayden v. Demets, 53 N. Y. 426, which relate to the rights of vendors of personalty.

The counterclaim is dismissed, but there will be judgment respecting the plaintiffs' alleged cause of action in favor of the defendants.