**STOKES et al. v. WALLER et al. (No. 1771.)**

(Court of Civil Appeals of Texas. Amarillo. May 18, 1921.)

**1. Vendor and purchaser ⬥══144(1)—Offer of vendor relative to release of lien sufficient.**

Where the vendor of a lot secured release of an outstanding lien from the proper party, deposited it and the deed of conveyance to the vendees in bank, and he and his agent offered to deliver the release with the deed on payment of the balance of the consideration, and to put it on record and to put it in the abstract, such offer was an offer of substantial compliance with the contract of sale and sufficient; the registration of the release and supplementing of the abstract to show it as required by contract being mere clerical acts.

**2. Vendor and purchaser ⬥══341(2)—Plaintiffs cannot recover payment of purchase money on other contract not made basis of suit.**

In suit by the purchasers of property against the vendors to recover purchase-money payment, if the pleadings were such that defendant vendors were permitted to show that the written contract which plaintiffs sued on was never executed as alleged by plaintiffs, plaintiffs, under their present pleading, could not recover on some other contract, though similar in some of its terms, but not made the basis of a suit, as there would in such case be a variance between allegations and proof.

Appeal from Wichita County Court; J. P. Jones, Judge.

Suit by W. A. Waller and another against J. B. Stokes and another. From judgment for plaintiffs, defendants appeal. Reversed and remanded.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellants.

Mathis & Caldwell and W. E. Fitzgerald, all of Wichita Falls, for appellees.

BOYCE, J. W. A. Waller and H. C. Evins brought this suit against J. B. Stokes and A. L. Lane to recover the sum of $1,000, paid by the plaintiffs to J. B. Stokes, on an executory contract of sale of real estate made between Stokes and Waller and Evins, on allegations that the said Stokes had failed to comply with his part of the contract and that plaintiffs were entitled to have their payment refunded. Plaintiffs obtained judgment on a verdict rendered on a peremptory instruction in their favor.

[1] In the following statement we do not refer to conflicting evidence offered by appellees, since that is not necessary in determining whether a peremptory instruction was proper: The contract sued on, omitting for the present reference to a variance as presented by the pleadings and proof, was made between Stokes, as vendor, and W. A. Waller and H. C. Evins, as vendees, on the 20th day of February, 1920, and provided for the sale of a certain lot in Wichita Falls,

Tex., for the consideration of $26,000, $10,000 cash and the balance in vendor's lien notes. The following provisions of the contract are material in considering the rights of the parties in controversy in this suit:

"Said party of the first part (Stokes) further agrees to furnish party of the second part a complete abstract of the title to said land, certified by some competent abstracter, within a reasonable time, and not later than thirty days from the date herein, and the said second party agrees to report in writing its objections to and the defects in said title, if any, within five days hereafter, and the said first party shall have a reasonable time thereafter to cure such defects and remove such objections. * * * To insure the faithful performance of this contract the party of the second part herein deposits with J. B. Stokes, at Wichita Falls, Texas, the sum of $1,000.00, with the following understanding: If the title proves to be good and he complies with his part of the contract said money shall be applied as part of the cash payment but if said party of the second part shall fail or refuse to comply with his part of said agreement, provided the title to said land proves good, then the said sum of money shall be paid over by the said ———, at Wichita Falls, Texas, to the said party of the first part, and forfeited to him as liquidated damages for said nonperformance. * * * This agreement is made upon the condition that the title to said land shall be good and marketable and in case there shall be an incurable vital defect in said title then this agreement shall be null and void and the money deposited above shall be refunded to the party of the second part and the whole agreement canceled."

The abstract of title was furnished and showed, according to the opinion of the attorneys examining it, that there was an outstanding lien on this and another lot, to secure an indebtedness amounting to the sum of $29,000. Stokes secured a release of this lien from the proper party, deposited it and the deed of conveyance to the vendees in the bank, and he and the agent representing him offered to deliver the release, with the deed, on payment of the balance of the consideration. One of the agents testified in reference to such matter:

"We offered to deliver it or do it in any way he wanted. * * * We offered to let him go to any bank or any lawyer and close it up. We told him we would put it on record, and put it in the abstract. * * * We could not get him anywhere. We could not get him to close it and could not make him close it. We offered to let him get his lawyer and go to his bank or any place he wanted to close it up. He understood the release had been signed; if he had gone to the bank, we could deliver it."

Appellees defend the giving of the peremptory instruction on the ground that it was necessary, not only that Stokes secure the release, but that it be recorded and brought forward into the abstract, before tender of deed in order to show an offer on defendant's

part to comply with the contract. We think the offer made by defendant was an offer of substantial compliance with the contract and was sufficient. Upton v. Maurice, 34 S. W. 642; Runnells v. Pruitt, 204 S. W. 1017; Clark v. Hutzler, 96 Va. 73, 30 S. E. 471; Keitel v. Zimmermann, 19 Misc. Rep. 581, 43 N. Y. Supp. 676; 39 Cyc. 1492; 27 R. C. L. 505, § 228. The authorities generally agree that specific performance of a contract may be enforced although there are existing unleased incumbrances and the vendor has agreed to deliver title, free of incumbrance, if such incumbrance may be discharged in the same transaction by application of a part of the purchase price to payment thereof. In Clark v. Hutzler, the court said, in reference to such a situation:

"The title is further objected to for the reason that certain deeds of trust put upon the lots while owned by Hollaway have not been released of record. It appears that formal deeds of release were prepared and executed in each case, and tendered along with the fee-simple deed from appellant, to be recorded by appellant as soon as appellee complied with his purchase. These deeds releasing the deeds of trust referred to are filed with the record before us. It is not necessary that these deeds should be actually of record before appellant can compel a performance of the contract. He has them properly executed, and tenders them with his own deed, and is ready to record them as part of the transaction when the sale is closed up, which is sufficient."

In the New York case cited the plaintiff sued to recover a deposit, as in this case, on the ground that at the time fixed for closing the contract there was an unsatisfied mortgage against the property and was defeated as to this claim on the showing that the mortgagee attended at the time and place for closing the sale with release ready for delivery on consummation of the sale. The registration of the release and supplementing of the abstract to show it were mere clerical acts, and if the contract required the vendor to have these things done, his offer to do them when provision could be made in the closing of the transaction to insure the performance of such minor acts was, we think, sufficient and the case is governed by the rule stated in the authorities cited.

[2] There is a question arising out of a controversy between the parties as to which one of two contracts in reference to this sale identical in worth of their terms, but which are different in at least one material provision, was the true contract. We need not make a detailed statement as to such matter, but suggest, in view of another trial of the case, that the appellant, in the absence of a sworn plea of non est factum, would not be permitted to deny the execution of the contract sued on. R. C. S. art. 1906 (8). On the other hand, if the pleadings were such

that the defendants were permitted to show that the written contract which plaintiff sued on was never executed, as alleged by plaintiff, then the plaintiffs, under their present pleading, could not recover on some other contract, though similar in some of its terms but not made the basis of the suit, as there would, in such case, be a variance between the allegations and proof. As a matter of fact, the right of plaintiff to recover would, under the facts, be the same under either contract, and the pleadings may be so framed as to secure whatever rights he may have under whichever contract might be found to be the true contract between the parties, and the controversy over the execution of the two contracts would become immaterial.

Reversed and remanded.

---

⊙➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes