PATRICK SCANLAN *vs.* JOHN L. GEDDES.

A written agreement to convey by a warranty deed, free from incumbrance, describing the estate to be conveyed simply as a house on a certain street, contains a sufficient description of the premises to be conveyed to satisfy the statute of frauds, provided the promisor owns one and but one house upon the street.

Such an agreement is an agreement to convey the land upon which the house stands, and so much more land as is necessary to its beneficial enjoyment, and within the defendant's power to convey.

The defendant agreed to give the plaintiff a warranty deed of a house, and the plaintiff agreed to pay for the same thirty-four hundred dollars ; two thousand when the house was finished ; the balance to remain on mortgage. The plaintiff tendered the two thousand dollars, and the defendant absolutely refused to convey the house. *Held* that it was not necessary that the plaintiff should tender a mortgage executed by himself, or a deed to be executed by the defendant.

CONTRACT to recover damages for the non-fulfilment of a contract to convey the estate referred to in a writing, of which the

following is a copy : " Boston, Nov. 10, 1870. Received of Patrick Scanlan twenty dollars as forfeit money and part payment the price of house on Fifth Street, between D and E streets ; the price agreed on to be paid for the house is thirty-four hundred dollars. The purchaser agrees to pay two thousand when the house is finished, the balance of fourteen hundred to remain on mortgage for a term three years. The undersigned agrees to have the house completed by the first day of December 1870. The undersigned also agrees to give a warranty deed of the property, free from incumbrance. John L. Geddes. Witness, Patrick Dyer."

The defendant contended that this was not a sufficient memorandum under the statute of frauds.

Trial in the Superior Court, before *Scudder*, J., who, by consent of the parties, before verdict, reported the case for the determination of this court. If the action could be maintained, the case was to be referred to an assessor ; otherwise, judgment was to be entered for the defendant.

The execution of the writing was admitted. The plaintiff testified that he had been upon the premises ; that the house referred to in the writing was the house the defendant was building at the time, next to John Donovan's house on the east ; that it was on the south side of Fifth Street in South Boston ; that on the west side there was nothing but stables ; that the land was fenced on both sides and on the back ; that the house stood in front on the line of the street ; that there was a passageway on one side on the same land ; that the defendant said he bought it of John Donovan ; that he afterwards went there and carried two thousand dollars " in legal tender," and met the defendant at the house, and said, " I have my two thousand dollars to tender for the house and land I bargained for ; " that he had the money in his hands and told the defendant it was two thousand dollars legal tender ; that the defendant swore he would not take it, that he would eat it up first ; that he tendered to the defendant no mortgage executed by himself, and no deed for the defendant to execute ; that there were, between D and E streets, ten houses on one side, and on the other four or five houses, and stables and other buildings.

The defendant, who was called as a witness by the plaintiff, testified that he owned no other house on Fifth Street, between D and E streets, than the one in question.

*A. Russ*, for the plaintiff.

*N. C. Berry*, for the defendant.

AMES, J. This case is substantially disposed of by the decision in *Hurley* v. *Brown*, 98 Mass. 545. It was there held that a written promise to convey an estate in a certain street would be presumed to relate to an estate owned by the party making the promise. If he owned but one estate answering that description, that is to be regarded as the one to which the description refers. The written memorandum therefore has the same meaning as if the expression had been "my house between D and E streets," which would have been a sufficient description. *Bird* v. *Richardson*, 8 Pick. 252. *Phelps* v. *Sheldon*, 13 Pick. 50. *Atwood* v. *Cobb*, 16 Pick. 227.

It is equally clear also that the house was to be conveyed, not as mere personal property with an easement in land, but by a warranty deed, and as real estate. *Esty* v. *Currier*, 98 Mass. 500, and cases there cited. The proper construction of the agreement is that the house was to be conveyed, with the land upon which it stood, and so much more as was necessary to its beneficial enjoyment, and within the power of the defendant to convey. *Forbush* v. *Lombard*, 13 Met. 109. *Johnson* v. *Rayner*, 6 Gray, 107. *Wooley* v. *Groton*, 2 Cush. 305. *Greenwood* v. *Murdock*, 9 Gray, 20.

As the defendant distinctly refused to fulfil the contract, nothing was necessary on the plaintiff's part except a readiness and willingness, accompanied with an ability, to do all that the agreement required of him, provided the defendant would concurrently do what was required of him ; and provided, also, this readiness, willingness and ability were duly made known to the defendant. No more formal tender was necessary than was made by the plaintiff. *Cook* v. *Doggett*, 2 Allen, 439, and cases there cited.

*Judgment for the plaintiff ; damages to be assessed in the Superior Court.*