EZRA R. CHAMPION

*v.*

THERESA J. GENIN et al.

1. Where, in a suit for the specific performance of an agreement to purchase a "lot adjoining Pavonia Yacht Club, on Bay View avenue," &c., it appears that the complainant is the owner of only one lot which can be embraced within the description, it will be presumed that such lot was intended and the description will be deemed sufficiently definite, but such description will be considered indefinite and the agreement incapable of enforcement if the complainant be the owner of more than one lot which will answer the description.

2. The fact of ownership of a single lot within the terms of the description is material to the complainant's success in the suit and should be averred in the bill and proved. The absence of such an averment is fatal on demurrer.

On demurrer to bill.

*Mr. Gilbert Collins,* for the demurrant.

*Mr. John S. Applegate,* for the complainant.

THE CHANCELLOR.

The allegations of the bill show that the defendant Theresa J. Genin was seized of a lot of land, at Atlantic Highlands, adjoining the easterly side of land belonging to the Pavonia Yacht Club, which lot is fifty feet wide, fronts on Bay View avenue and runs from that avenue to the waters of Sandy Hook bay, and, being so seized, on the 5th of October, 1892, agreed to sell it to the complainant by a memorandum in writing, of which the following is a copy:

"ATLANTIC HIGHLANDS, N. J. Oct. 5th, 1892.

"Rec'd of E. R. Champion, $20.00 part payment on lot adjoining Pavonia Yacht Club on Bay View Ave. Atlantic Highlands, N. J. Terms to be $2500.00—Int. to begin on same from Nov. 25 and $1000. to be paid in less than one year, after which Bal. $1500.00 can lay on first mortgage.

"Witness                                        THERESA J. GENIN.

"CLARA E. CHAMPION."

but they do not show that the defendant Theresa J. Genin was not the owner of another lot which might be embraced by the memorandum's description of the land to be conveyed.

It is further alleged that, after making the memorandum, the defendant Genin sold and conveyed her lot upon the east of the yacht club land to certain individuals, named, as trustees for the yacht club, and that those individuals took that conveyance with full notice of the memorandum of agreement for sale to the complainant. Those individuals are made parties defendant, but the Pavonia Yacht Club has not been made a party. It does not appear that the yacht club is a corporation.

Two of the defendants demur to the bill—*first*, because the memorandum fails to definitely describe the lands contemplated in it, and, *second*, because the Pavonia Yacht Club has not been made a party defendant.

I think that the first of these grounds is well taken. The bill fails to show that the defendant Genin is not the owner of more than one lot which will answer the description in the memorandum. For aught that appears to the contrary, she may be the owner of a lot upon the west of 'the club as well as the lot upon the east. Under such circumstances, the memorandum's description of the land to be conveyed is too indefinite. Where the defendant is the owner of a single lot which will answer the description, that fact may be shown by parol evidence, and the presumption will arise that such lot was intended to be described. *Hurley* v. *Brown, 98 Mass. 545 ; Scanlan* v. *Geddes, 112 Mass. 15 ; Mead* v. *Parker, 115 Mass. 413.* But if he be the owner of more than one lot which will answer the description, the description will be held to be too indefinite. *Doherty* v. *Hill, 144 Mass. 465.* The words "lot adjoining Pavonia Yacht Club" &c. on their face show that they are applicable either to one piece of property or to more than one piece of property. If the fact is that they apply to only one piece, the memorandum will identify the land, otherwise it will fail to do so. To clear away doubt and uncertainty, the precise condition of the fact in this respect becomes material. A bill should aver every fact which must be proved to exhibit the complainant's

right to relief (*Story Eq. Pl.* § *257*), and therefore, because, in the present case, the bill fails to allege the circumstance which will make definite the description in the memorandum, to wit, that the defendant Genin is the owner of only one lot to which that description will apply, it is bad upon demurrer.

The second ground of demurrer is not well taken. It does not appear that the yacht club is a corporation. The natural inference to be drawn from the fact that a deed was made to individuals as trustees for the club is, that the club is a voluntary association of a large number of members, for whom, for convenience, a few act as trustees, and hence, under the allegations of the bill, the best that defendants could ask is, that all the members of the club be brought in as parties defendant. But that is not the objection now made by the demurrant and need not be considered.

On the first ground, I will sustain the demurrer, with costs. The bill may be amended if that which I state as a material fact exists and the complainant applies for leave to amend.