## First Presbyterian Church of Davenport for use of, etc., v. S. R. Swanson et al.

1. Statute of Frauds—*When a Contract is Not Within.*—A contract is not within the statute of frauds because it is not to be performed within a year, unless its terms show affirmatively that it is not to be performed within the year. Contracts which may or may not be performed within a year are not embraced within the statute.

2. Same—*Building Contracts Which Stipulate for a Longer Time than One Year.*—A building contract which stipulates a time for completion longer than one year, is not within the statute of frauds, if it may be completed within a year.

3. Same—*No Special Form of Writing Necessary to Take a Contract Out of the Statute.*—No special form of writing is necessary to make a memorandum sufficient to take an unsigned contract out of the operation of the statute; such memorandum is sufficient where there is any writing signed by the party, stating the terms of the contract and admitting its existence.

4. Same—*Purpose for Which the Writing is Made, Immaterial.*—The fact that the writing was intended for some other purpose does not prevent its being a sufficient memorandum to meet the requirements of the statute of frauds.

5. Same—*The Writing Need Not be Signed by Both Parties.*—The memorandum need not be signed by both parties to the contract. It is sufficient if it be signed by the party to be charged.

6. Same—*When a Bond for the Faithful Performance of a Contract is a Sufficient Memorandum.*—The signing of a bond for the faithful per-

formance of a contract and which recites its condition to be such that if the party to the bond shall in all things well and truly keep and perform the covenants, conditions and agreements in such contract, is a sufficient memorandum to take such contract out of the operation of the statute.

7. SAME—*Defense of, a Personal Privilege—Sureties.*—The defense of the statute of frauds is a personal privilege. Sureties on a bond securing the performance of a contract are not permitted to set up the statute of frauds on account of the failure of their principal to sign the contract secured by their bond. The principal is the only party who can interpose such defense.

**Action of Debt.**—Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed January 24, 1902.

ARNOLD & GALE, attorneys for appellant; E. E. COOK, of counsel.

A. M. CRAIG, attorney for appellee S. R. Swanson.

MR. JUSTICE BROWN delivered the opinion of the court.

O. C. Housel contracted with the First Presbyterian Church of Davenport, Iowa, a religious corporation, to erect a church edifice at that place. A bond for the due performance of the contract was signed by Housel as principal and Swanson, Hjerpe, Norton and Jack as sureties. The contract for the erection of the church was written on the opposite side of the same paper as the bond, and was signed by the trustees of the church but was not signed by Housel. The bond was properly signed by Housel and refers to the contract. Housel defaulted in the performance of the contract, leaving numerous claims for labor and material unpaid, and mechanics' liens against the property, aggregating more than the penalty of the bond, which is $7,500. This suit was brought upon the bond. Housel died after service of process and the suit abated as to him. Jack suffered a default to be taken. The remaining defendants craved oyer of the contract and bond, and upon their production, it appearing that Housel had not signed the contract, the defendants demurred. The court sustained the

First Presbyterian Church v. Swanson.

demurrer. The plaintiff electing to stand by the declaration, the court dismissed the suit and entered judgment against the plaintiff for costs.

The case comes to this court by appeal. The question for our determination is, did the trial court err in sustaining the demurrer to the declaration. We hold that it did.

The demurrer admits all the material facts well pleaded in the declaration. If a single count of the declaration states a good cause of action the demurrer should not have been sustained to the whole declaration, and the suit should not have been dismissed nor judgment rendered against the plaintiff for costs.

The bill of exceptions contains the opinion rendered by the trial judge and shows that the demurrer was sustained upon the theory that the contract was one by its terms not to be performed within a year, and being unsigned by Housel, was void under the statute of frauds, and hence the bond could not be enforced against the sureties, because there was no contract in existence upon which to predicate the bond. Counsel for appellees in his brief tersely states his contention as follows:

" As Housel, the principal, signed no contract, he assumed no liability, and hence appellees, who undertook to guarantee a contract which was never executed, assumed no liability. They stood in the attitude of assuming to guarantee the performance of a contract when there was no contract."

The principal question therefore is, was the signature of Housel essential to the validity of the contract, or did his failure to sign render it invalid. We hold the contract was valid though unsigned, and that the trial court erred in holding that the contract fell within the statute of frauds.

The statute provides that no action shall be brought whereby to charge any person upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

This contract was executed December 10, 1897, and was to be performed by the completion of the building on or before March 1, 1899.

There was nothing in the nature of the work to be performed, or in the terms of the contract which prohibited its full performance within a year.

A contract is not within the statute of frauds because it is not to be performed within a year unless its terms show affirmatively that it is not to be performed within that time. Contracts which may or may not be performed within a year are not embraced within the statute. McPherson v. Cox, 96 U. S. 404; Walker v. Johnson, 96 U. S. 424; Rogers v. Brightman, 10 Wis. 55.

Building contracts which stipulate a time for completion longer than a year, are not within the statute of frauds, if they may be completed within a year. Browne on the Statute of Frauds, Sec. 280; Plimpton v. Curtiss, 15 Wend. 336, approved in Blake v. Voigt, 134 N. Y. 69; Jilson v. Gilbert, 26 Wis. 637; Sarles v. Sharlow, 5 Dak. 100; Jones v. Pouch, 41 O. St. 146.

Even if this contract were not by its terms to be performed within a year, or if by its terms performance were prohibited for that time, there is a sufficient memorandum in writing, signed by Housel, to take it out of the statute.

The bond, which was written upon the same piece of paper with the contract, signed by Housel and all of the defendants, and immediately follows the contract, and is entitled, " Bond given to secure said contract," recites that the condition of the " obligation is such, that if the above bounden O. C. Housel, his executors, administrators or assigns, shall, in all things, stand to and abide by, and well and truly keep and perform the covenants, conditions and agreements in the above mentioned contract entered into by and between the said O. C. Housel and the said First Presbyterian Church, dated on the 10th day of December, 1897, for the construction of the work or works on the lot mentioned in the foregoing contract, and shall duly and promptly pay and discharge all indebtedness that

may be incurred by the said O. C. Housel in carrying out said contract, and complete the same free of all mechanics' liens, and shall truly keep and perform the covenants, conditions and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, * * * then this obligation shall be void; else to remain in full force and virtue."

The foregoing recitals of the bond are adequate memoranda to take the case out of the operation of the statute if it otherwise fell within its provisions.

No special form of writing is necessary to make a memorandum sufficient to take an unsigned contract out of the operation of the statute. This provision of the statute is fully complied with when there is a writing signed by the party sought to be charged stating the terms of the contract and admitting its existence. McConnell v. Brillhart, 17 Ill. 354; Cossitt v. Hobbs, 56 Ill. 231; Morton v. Murray, 176 Ill. 54.

The purpose for which the writing was made is immaterial. The fact that it was intended for some other purpose does not prevent it being a memorandum sufficient to meet the requirements of the statute. Browne on Statute of Frauds, Sec. 354; Spangler v. Danforth, 65 Ill. 152.

The memorandum need not be signed by both parties to the contract. It is sufficient if it be signed by the party to be charged. Farwell v. Lowther, 18 Ill. 252; Esmay v. Gorton, 18 Ill. 483.

Moreover, if the contract were conceded to be within the statute and obnoxious to its provisions it would be unavailing to the defendants who are sureties upon the bond. The defense of the statute of frauds is a personal privilege. Sureties on a bond securing the performance of a contract are not permitted to set up the statute of frauds on account of the failure of their principal to sign the contract secured by the bond. The principal is the only party who could interpose that defense. Hallberg v. Brosseau, 64 Ill. App. 520; Browne on Statute of Frauds, Sec. 135, p. 131.

The bond signed by the defendants as sureties with Housel recites the execution of the contract. The contract is valid. It would extend this opinion to unnecessary length to quote from or cite the authorities of this State holding that these defendants are estopped from denying the solemn recital of their bond, recognizing the existence of a valid contract which they now contend was never executed. Counsel for defendants has referred us to authorities announcing the doctrine that sureties are not estopped, by the recitals of their bond given to secure the faithful performance of a contract, from showing that the contract was void. They have no application here because this contract is valid.

There are three counts in the declaration declaring upon different breaches of the bond and it is claimed by defendants that each count is defective although the contract may be valid and the bond binding upon them.

It is urged with reference to the first count that the gist of the breach is that Housel allowed certain mechanics' lien claims to be filed against the property in the courts of Iowa, which mechanics' liens the court further avers plaintiff has been compelled to pay. The bond provides that Housel should complete the building free from all liens. It is contended that under this count it was necessary to set out the law of Iowa. Ultimate facts only should be pleaded. Evidentiary facts should not be pleaded. The ultimate fact was the existence and enforcement of the lien, and the law of Iowa is but an evidentiary fact and need not be pleaded. The count states a good cause of action.

The judgment of the Circuit Court will be reversed and the cause remanded.