LEVIN et al. v. DIETZ.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. SPECIFIC PERFORMANCE—DEFENSES—STATUTE OF FRAUDS—PLEADING.

Where, in an action for specific performance, plaintiffs' allegation that defendant entered into a written agreement for the sale of the property was denied, defendant was entitled to defend on the ground that the contract did not comply with the statute of frauds, though the statute of frauds was not specifically pleaded.

2. SAME—APPEAL—FINDINGS—CONCLUSIVENESS.

Where, in an action for specific performance, the court found that the contract was not in writing, but that, inasmuch as defendant had not pleaded the statute of frauds, he could not advance that defense, and rendered judgment for plaintiffs, the Appellate Division could not, after a holding that the defense of the statute of frauds was available to defendant under his pleadings, uphold the judgment on the ground that the evidence showed a contract complying with the statute of frauds.

Appeal from Trial Term, Kings County.

Action by Louis Levin and another against James E. Dietz. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Headley M. Greene, for appellant.

James P. Judge, for respondents.

JENKS, J. The action is for specific performance of a contract to convey real estate. When the plaintiffs closed their case, the defendant moved to amend his answer by pleading the statute of frauds, but the motion was denied. Then the defendant moved to dismiss the complaint on the ground that the paper in evidence was

not a contract within that statute. Upon the denial of that motion the defendant offered evidence. The court made findings, and judgment for the plaintiffs was thereon entered.

The court found:

"Second. * * * That defendant made a contract to sell the premises described in the complaint, * * * performance of which was duly made and tendered by the plaintiffs on their part, but that the said contract was not in writing, and, inasmuch as defendant did not plead the statute of frauds, the said contract is enforceable, and the plaintiffs entitled to judgment for specific performance thereof."

Thus the decision of the court was, in effect, that although the contract did not satisfy the statute of frauds, yet, as the plaintiffs did not plead that statute, the oral contract, which the court finds was made, warranted the judgment. But I am of opinion that the defendant could raise the statute as a defense under his answer. The plaintiffs complained "that on the 3d day of December, 1903, said defendant entered into a written agreement with plaintiffs herein," and, inasmuch as this allegation is denied by the answer, (Brauer v. Oceanic Steam Navigation Co., 178 N. Y. 339, 70 N. E. 863) is directly in point. The finding indicates that the Special Term thought that, if the statute had been available to the defendant, the plaintiffs could not prevail. While the finding referred to is general, yet the oral statement of the learned Special Term at the close of the case: "I am in doubt whether there was a written contract. That letter which he wrote saying to meet him at Jackson & Dombeck's office does not define the property, and the identification of the property rests in parol"—seems to indicate that the court based its criticism upon this particular omission.

The learned counsel for the respondents insists that the evidence was sufficient to satisfy section 224 of the Real Property Law, Laws 1896, p. 602, c. 547, and that, if we are convinced his contention is sound, we should affirm the judgment under the rule that "a correct decision will not be reversed on appeal because founded upon a wrong reason." Ward v. Hasbrouck, 169 N. Y. 407, 420, 62 N. E. 434, 438. But even if we should determine that the evidence satisfies the statute, we are confronted with a finding of fact by the trial court that it did not. And the inference is clear from the finding that the judgment would have been for the defendant if, in the opinion of the court, the statute was available. If we determine that the statute was available, we first, in order to sustain the judgment, not only excise this negative finding of the trial court, but make an affirmative finding upon the evidence. This is not a case, then, where the court may supply a finding warranted by the decision upon the facts in order to sustain a judgment. The Appellate Division is not a trial court, and it is not within the general powers of a court of review to assume the functions of a trial court, and to make a finding upon the evidence in order to sustain a judgment under review. Benedict v. Arnoux, 154 N. Y. 715, 49 N. E. 326; Snyder v. Seaman, 157 N. Y. 449, 452, 52 N. E. 658. And further, although the record does not show that the defendant was precluded in any attempt to introduce evidence bearing upon

the question as to the application of the statute of frauds, yet it may be that he made no attempt in the face of the ruling of the court, given before he entered upon his case. In,view of the new trial it would not be proper to fetter or burden the court by a positive expression, but it may be proper to say that we do not reverse this judgment because we are convinced upon the evidence in the record that the plaintiffs could not prevail against a plea of the statute. The statute may be satisfied by different writings (Tallman v. Franklin, 14 N. Y. 584; Peabody v. Speyers, 56 N. Y. 230, 236; Peck v. Vandemark, 99 N. Y. 29, 1 N. E. 41; Gates v. Dudgeon, 173 N. Y. 426, 66 N. E. 116, 93 Am. St. Rep. 608), if they can be articulated without oral proof (Tallman v. Franklin, supra; Coe v. Tough, 116 N. Y. 273, 22 N. E. 550). The writings may not have been made with the intent to meet the statute. First Pres. Church v. Swanson, 100 Ill. App. 39; Brown on Statute of Frauds, § 354. Writings addressed to a third party, if published, are competent. Brown on Statute of Frauds, § 354a, 6; Peabody v. Speyers, supra; Ward v. Hasbrouck, 44 App. Div. 32, 60 N. Y. Supp. 391. The contract force is not affected by the expectation of both parties that there should be a formal written contract. Brauer v. Oceanic Steam Navigation Co., 178 N. Y. 343, 70 N. E. 863. That the subscription is by the vendor only is not a defense. Worrall v. Munn, 5 N. Y. 229, 55 Am. Dec. 330. See Justice v. Lang, 42 N. Y. 493, 513, 1 Am. Rep. 576; Keitel v. Zimmermann, 19 Misc. Rep. 581, 43 N. Y. Supp. 676; Pettibone v. Moore, 75 Hun, 461, 27 N. Y. Supp. 455; Brown on Statute of Frauds, 365a. The writings may suffice, even though the parties contemplated the execution of a formal contract. Brauer v. Oceanic Steam Navigation Co., supra. The land which is the subject of the memorandum may be identified by parol evidence. Miller v. Tuck, 95 App. Div. 134, 88 N. Y. Supp. 495, and cases cited; Brown on Statute of Frauds, § 385a.

The judgment must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.