(48 Misc. Rep. 593)

LEVIN et al. v. DIETZ.

(Supreme Court, Special Term, Kings County.  December, 1905.)

1. STATUTE OF FRAUDS—CONTRACT FOR SALE OF REAL ESTATE—SUFFICIENCY OF MEMORANDUM.

Real Property Law, § 224 (Laws 1897, p. 602. c. 547), statute of frauds, provides that a contract for the sale of real estate, or some note or memorandum thereof, expressing the consideration, must be in writing and subscribed by the grantor.  Defendant wrote on the back of a business card, signing his name thereto: "Nine thousand dollars.  But would consider $17,000, for both plots N. W. and S. W. corners Pitkin avenue and Bristol street, 100x90—100x92.11."  Subsequently he wrote a broker trying to sell the property that nothing less than $16,500 would be considered.  Thereafter a diagram of the lots was drawn on the back of this last letter by the broker, who, at the same time, made a memorandum thereon, reciting an agreement by defendant to sell the lots to plaintiff for $16,500, the agreement to be made December 5, 1903, etc. In a subsequent letter defendant wrote plaintiffs that he would mail deeds of the property to certain parties who would be ready to complete the deal December 5th, and notified plaintiffs to have the money with them.  On the same date defendant wrote the broker, reciting his letter to plaintiffs, referring to them as purchasers of plots at Pitkin avenue. *Held*, in an action to enforce specific performance of the contract to convey the lots, that the memorandum on the business card, together with the letter to plaintiffs and the one to the broker, satisfied the requirement of the statute.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 211, 212, 226, 231.]

2. SPECIFIC PERFORMANCE—DESCRIPTION OF PROPERTY—EVIDENCE.

Where, in an action to enforce specific performance of an alleged contract for the sale of land by defendant to plaintiffs, a letter from defendant to his broker described the land in general terms only as the plots "at Pitkin avenue," but a prior writing, given the broker, located the plots precisely on such avenue, it was unnecessary for plaintiffs to prove dehors that defendant owned no other land on Pitkin avenue than that described in the complaint, in order to show that the writings enabled the land to be identified and described with certainty.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 226–235; vol. 44, Cent. Dig. Specific Performance, §§ 72–74, 77, 79.]

3. SAME—LOCATION OF PROPERTY—INFERENCES.

Where parties were dealing in the city of New York in reference to the sale of real estate, the legal inference, in an action to enforce specific performance of a contract for sale of such real estate, was that writings describing the land as situated on a certain avenue referred to lands in such city.

[Ed. Note.—For cases in point, see vol. 23, Cent Dig. Frauds. Statute of, §§ 231, 375; vol. 44, Cent. Dig. Specific Performance, § 78.]

Action by Louis Levin and others against James E. Dietz.  Judgment for plaintiffs.

See 94 N. Y. Supp. 419.

Suit to compel specific performance of an alleged written contract to convey two lots in the city of New York, borough of Brooklyn, the first described as at the Northwest corner of Bristol street and Pitkin avenue, 90 feet on the former and 100 on the latter, and forming a rectangle, and the second described as at the Southwest corner of Pitkin avenue and Bristol street, 100 feet on the former and 92 ft. 11 in. on the latter, and forming a rectangle.

There was no formal written contract, but the plaintiffs depended on the following writings:

1. An undated writing on the back of the defendant's business card in the handwriting of the defendant, addressed to nobody, as follows: "Nine thousand dollars. But would consider $17,000, for both plots N W. and S W. corners Pitkin avenue and Bristol street, 100x90—100x92.11. Very respectfully, James E. Dietz." The lots here referred to correspond in description to those alleged in the complaint.

2. A letter from defendant to Dakin, the broker who was trying to sell the land, dated September 27, 1903, as follows: "Dear Sir: Anything less than $16,500 will not be considered by yours truly, James E. Dietz."

3. On December 1 a diagram of the lots described in the complaint was put on the back of the said last letter by the said broker, and at the same time the following was written there by him: "New York, Dec. 1, 1902, James E. Dietz agreed to sell the two corner lots as per diagram to Louis Levin for $16,500, agreement to be made Saturday, December 5, 1903, at office of said Levin, 1782 Pitkin avenue, Brooklyn, N. Y., property absolutely sold to said Levin for price above mentioned." Levin is one of the plaintiffs.

4. Letter of defendant to plaintiffs as follows: "New York, Dec. 3, 1903. Dear Sirs: I will mail deeds of property to office of Jackson & Dembeck who will be ready to complete the deal at 3 P. M. Saturday. Have the money $16,500 with you then and Mess. Jackson & Dembeck will turn the property over to you. Respectfully yours, James E. Dietz."

5. Letter of the same date of defendant to the said broker as follows: "New York, Dec. 3, 1903. Dear Sir: I have written to the intending purchasers of plots at Pitkin Ave. also will mail deeds of same to office of Jackson & Dembeck who will close the deal at 3 P. M. Saturday at 6 Belmont Ave. You may notify them to have the money ready at the appointed time and place when Mr. Jackson will turn the property over. Very respectfully yours, Jas. E. Dietz."

All of these writings, except the letter to the plaintiffs, were handed to the plaintiffs' attorney by Dakin on December 5 at the said time and place fixed for closing.

The defendant did not appear at the place of closing or send any deed.

Walter J. Durack, for plaintiffs.
Headley M. Greene, for defendant.

GAYNOR, J. A former judgment for the plaintiff was reversed on appeal. 94 N. Y. Supp. 419. The trial court had found that there was an oral contract of sale, but no written contract, but gave judgment of specific performance nevertheless, on the ground that the statute of frauds had not been pleaded. This grew out of the mistaken rule of pleading now established in this state that the statute of frauds has to be pleaded, whereas it established a rule of evidence only, and not a rule of pleading. On appeal it was decided that the statute did not need to be pleaded, for the reason that the complaint alleges a written contract which the answer denies.

But the writings which it was claimed constituted the written contract were all in evidence, as the appeal record shows, and if they taken together made out a written contract in the opinion of the appeal court, it is not easy to believe that it would have reversed the judgment, for there is no rage on appeal to upset judgments, and nothing is better known among us than that a finding of fact will be and often is supplied on appeal on written evidence or uncontradicted oral evidence, to affirm a judgment. But notwithstanding this logical conclusion to be drawn from the reversal, the opinion written on appeal seems to say that the question whether the writings constitute a contract is left open, and I may therefore with propriety so consider it, which I otherwise could do.

The writing on the back of the card signed by the defendant and given to the broker who was negotiating the sale, describes the two plots of land described in the complaint and invites an offer of $17,000 for them. The defendant's letter of December 3 to the plaintiff mentions no property, but fixes a time and place when he will deliver them his deed on payment of $16,500. His simultaneous letter to the said broker also fixes the same time and place for the delivery of his deed, and specifies the "plots at Pitkin avenue" as the land to be conveyed, but does not mention the price. It notifies the broker that the defendant had written the letter to the plaintiff, thus connecting the two letters.

These three writings taken together satisfy the requirement of the statute of frauds, viz., section 224 of the Real Property Law (Laws 1897, p. 602, c. 547), that "the contract, or some note or memorandum thereof, expressing the consideration," be in writing and subscribed by the grantor.

They show the grantor, the grantee and the price, and identify the land, which is the test of sufficiency.

The letter of December 3 to the broker only describes the land in general terms as the "plots at Pitkin ave.," it is true, but the prior writing given to the broker locates them precisely on the said avenue. This made it unnecessary for the plaintiffs to prove dehors that the defendant owned no other land on Pitkin avenue except that described in the complaint, in order to show that the writings enable the land to be identified and described with certainty. The parties were dealing in the city of New York, and the legal inference is that the writings refer to land there.

Judgment for the plaintiffs.