(137 App. Div. 4.)

#### MORRISON v. BRENMOHL et al.

(Supreme Court, Appellate Division, Second Department.  March 31, 1910.)

1. SPECIFIC PERFORMANCE (§ 29*)—CONTRACTS ENFORCEABLE—SALE OF REALTY —SUFFICIENCY OF DESCRIPTION.

A memorandum reciting the receipt of a certain sum as deposit on sale "of place at Moriches, on the north side of old county road, being about 25 acres, including buildings," must be construed as relating to realty owned by the subscribers at the time of their subscription, and parol evidence is admissible to identify the specific realty covered thereby; and hence the description is sufficient to support an action by the purchaser for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 69–82; Dec. Dig. § 29.*]

2. VENDOR AND PURCHASER (§ 77*)—CONTRACT—CONSTRUCTION—MORTGAGE AS PART OF CONSIDERATION.

Where a contract of sale definitely states the price, excepting that the time of payment of a mortgage for a part of the price only is not stated, the mortgage may be made without specification as to time of payment, whereupon the debt is payable on demand.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 120; Dec. Dig. § 77.*]

Appeal from Special Term, Suffolk County.

Action by Patrick H. Morrison against Amelia Brenmohl and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

William McArthur (August Dreyer, on the brief), for appellant.
John R. Vunk, for respondents.

JENKS, J. This action is by a purchaser of lands for a specific performance, who appeals from a judgment of the Special Term for his dismissal on the merits as to the sellers. The judgment was entered upon motion of the defendants at the opening of the case, and decided upon the sole ground that the description in the memorandum was insufficient. The memorandum was as follows:

"Moriches, March 17, 1906.

"Received from P. H. Morrison the sum of one hundred dollars, as deposit on sale of place at Moriches, on the north side of old county road, being about 25 acres, including buildings. The purchase price is $1,500, to be paid as follows: One hundred dollars on signing this agreement, receipt of which is hereby acknowledged. Ten hundred dollars to be paid on delivery of deed on October 1, 1906. Balance, $400, to remain on bond and mortgage at 5 per cent.
"Amelia Brenmohl.
"Jul. Wm. Brenmohl."

We may construe the words used as relating to realty owned by the subscribers at the time of their subscription. Hurley v. Brown, 98 Mass. 545, 96 Am. Dec. 671, cited in Miller v. Tuck, 95 App. Div. 137, 88 N. Y. Supp. 495; Scanlan v. Geddes, 112 Mass. 15. I think that parol evidence was admissible to enable the court to identify the specific realty covered by this memorandum. For the plaintiff might

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have shown that the said defendants owned only one place in or at Moriches, on the north side of the old county road, of about 25 acres, with buildings thereon. In Mead v. Parker, 115 Mass. 415, 15 Am. Rep. 110, the court say:

"It is not a question of the sufficiency of the writing under the statute of frauds, so much as it is of the right to resort to parol evidence in aid of the writing, where an ambiguity exists in respect to the property intended to be sold, or to which the contract relates. The most specific and precise description of the property intended requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties, and of their relation to each other and to the property, as they were when the negotiations took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement. That parol evidence is competent to furnish these means of interpreting and applying written agreements is settled by the uniform current of authorities. Baker v. Hathaway, 5 Allen [Mass.] 103; Farwell v. Mather, 10 Allen [Mass.] 322 [87 Am. Dec. 641]; Putnam v. Bond, 100 Mass. 58; Stoops v. Smith, 100 Mass. 63 [1 Am. Rep. 85, 97 Am. Dec. 76], and cases there cited; 1 Greenl. Ev. §§ 286, 288."

The rule as to the admission of parol evidence that must obtain in this case is most elaborately discussed by Bartlett, J., writing for the court, in Miller v. Tuck, supra. See, too, Levin v. Dietz, 106 App. Div. 208, 94 N. Y. Supp. 419; Daniels v. Rogers, 108 App. Div. 338, 96 N. Y. Supp. 642; Wood on Statute of Frauds, 353; Scanlan v. Geddes, supra; Phillips v. Hooker, 1 Phil. Eq. (N. C.) 193; Owen v. Thomas, 3 M. & K. 353; McMurray v. Spicer (L. R. 5 Eq. 527); Pomeroy's Specific Performance of Contracts, § 90, note 2. In Daniels v. Rogers, supra, the description was "the property known as the Star and Crescent Furnace, in Cherokee county, near Rusk, Tex." In Mead v. Parker, supra, the description was "a house on Church street." In Phillips v. Hooker, supra, "her house and lot north of Kinston." In Owen v. Thomas, supra, "the house in Newport." In McMurray v. Spicer, supra, "the mill property, including cottages in Esher village."

A reading of the memorandum shows that the price is definitely stated, with the exception that the time of payment of the mortgage, a part only of the consideration, is not defined. I am inclined to the opinion that parol evidence would be admissible to show the period of the proposed mortgage. See Pomeroy's Specific Performance, § 93. But in any event a mortgage may be made without specification of the time of payment, whereupon the debt is payable on demand. Jones on Mortgages, § 75.

The judgment is reversed and a new trial is granted; costs to abide the final award of costs. All concur.