JOHN HURD, Respondent, v. REPUBLIC STEEL CORPORATION, Appellant.— Appeal from an order of the Supreme Court, at the Schenectady Special Term, denying defendant's motion to dismiss the complaint herein. The motion was made upon three grounds. First, that the claim set forth in the complaint had been released; second, that the action was not commenced within the time limited therefor; and third, that the court lacked jurisdiction of the subject matter, and that plaintiff's claim, if any, should be for workmen's compensation. There are questions of fact involved which preclude a decision on these issues as a matter of law, and hence the motion was properly denied. Order appealed from affirmed, with costs. All concur. [See *post*, pp. 1072, 1076.]

In the Matter of BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1, TOWN OF SOMERS, WESTCHESTER COUNTY, Appellant, against GEORGE D. STODDARD, as Commissioner of Education of the State of New York, Respondent.— Appeal from a final order of the Special Term, entered in Albany County on June 27, 1944, dismissing the petition. This is a proceeding to compel the State Commissioner of Education to apportion and certify for payment to Central School District No. 1 of the Town of Somers, the transportation quota " equivalent to one-half of the sum paid for transportation of pupils " in accordance with the provisions of section 185 of article 6B of the Education Law as amended by chapter 823 of the Laws of 1933 instead of as amended by chapter 916 of the Laws of 1942. It is the theory of the petitioner that this latter statute is unconstitutional in that it impairs the obligation of contracts. At the time the petitioning central school district was formed section 185 of article 6B of the Education Law provided for a payment by the State of a certain sum on account of transportation of pupils by the district, which payment is materially reduced by Laws of 1942, chapter 916. We find no support for appellant's claim that such reduction is unconstitutional, nor for its claim of a contractual relationship between the State and its central school districts. (*County of Seneca* v. *State of New York*, 266 App. Div. 815, affd. 292 N. Y. 501.) Order affirmed, with fifty dollars costs and disbursements. All concur.

In the Matter of SAMUEL LEVINE et al., Doing Business as KINGSTON AVENUE WINES & LIQUORS Co., Petitioners, against JOHN J. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— This is a proceeding under article 78 of the Civil Practice Act for review of a determination of the New York State Liquor Authority cancelling the liquor license issued to the petitioners. Only questions of fact are presented and the evidence sustains the finding made by the New York State Liquor Authority. Determination confirmed, with costs. All concur. [See *post*, p. 1076.]