EDMUND FITZ GERALD, Appellant, *v.* CITY OF OGDENSBURG, Respondent.

Third Department, November 18, 1954.

*Frank L. Cubley* and *William H. Cubley* for appellant.

*William B. O'Connell, Corporation Counsel,* for respondent.

ZELLER, J.   The defendant's motion for an order dismissing the complaint pursuant to rule 107 of the Rules of Civil Practice — on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same causes of action between the parties and on the further ground that the causes of action alleged in the complaint did not accrue within the time limited by law for the commencement thereof — was granted at Special Term.

The material allegations of the complaint are: the plaintiff owns and is entitled to possession of certain premises located in the city of Ogdensburg, the defendant unlawfully entered upon and used the property, and the plaintiff has been kept therefrom.   The plaintiff demands possession of the premises and, by the first cause of action, damages for use and occupancy of the property during May, 1951; by the second cause of action, damages for use and occupancy during June and July, 1951; by the third cause of action, damages for use and occupancy from August, 1951, through October, 1952; and, by the fourth cause of action, punitive damages for willfully and maliciously excluding the plaintiff from his property.

An action was previously brought by the defendant herein against this plaintiff to recover expenditures made in abating an alleged nuisance on the same premises mentioned in this action.   The plaintiff — as defendant in the prior action — interposed various counterclaims including claims for damages to the premises and for trespassing on the premises.   These counterclaims were dismissed on the ground that the facts alleged were insufficient to constitute causes of action and leave was granted to serve an amended answer.   An amended answer was then interposed, again containing various counterclaims for damages to the premises and for trespassing thereon.   Prior to the trial of that action, the counterclaims were withdrawn without objection and the causes of action alleged therein were not litigated.   Consequently, there is no existing final judgment rendered on the merits determining the causes of action alleged in the present complaint.   (*Stott* v. *Hotaling,* 267 App. Div. 847.)

The charter of the defendant provides, in effect, that no action shall be maintained against the defendant for damages or injuries to persons or property claimed to have been caused by the negligence, malfeasance or nonfeasance of the defendant or any officer, appointee or employee thereof or in any other case

founded upon tort *unless commenced within one year after the happening of the event upon which the claim is based.* (Charter of the City of Ogdensburg, § 89, as amd. by Local Laws, 1949, No. 1 of City of Ogdensburg.) The event upon which the first cause of action is based — the use and occupancy of the premises by the defendant during May, 1951 — and the event upon which the second cause of action is based — the use and occupancy during June and July, 1951 — happened more than one year before the commencement of this action on March 10, 1953, and the two causes of action are therefore barred by the special Statute of Limitations. Likewise, the portions of the third and fourth causes of action which allege damages for use and occupancy occurring prior to March 10, 1952, are barred.

After examining the complaint and the affidavits submitted on the motion, Special Term found that the alleged unlawful interference by the defendant with the premises owned by the plaintiff occurred during the year 1950, that whatever damage was done was then ascertainable and concluded that no part of the action could be maintained because not commenced within one year thereafter. Under rule 107 of the Rules of Civil Practice a defendant may move " on the complaint and an affidavit stating facts tending to show " that one of the objections enumerated in the rule bars the maintenance of the action. If the defendant does show such facts, then, in order to defeat the motion, the plaintiff " shall present affidavits denying the facts alleged by the defendant or shall state facts tending to obviate the objection " as required by rule 108. If it conclusively appears from undenied allegations of fact that one of the objections enumerated in rule 107 does exist, then the complaint should be dismissed. If the plaintiff sets forth ultimate facts showing that the bar to recovery relied upon by the defendant does not exist, then the dispute must be determined at a trial. (*Herzog* v. *Brown,* 217 App. Div. 402, affd. 243 N. Y. 599.) Contested questions of fact should not be decided upon the basis of affidavits submitted pursuant to rules 107 and 108. (*Hurd* v. *Republic Steel Corp.,* 268 App. Div. 936, appeal dismissed 294 N. Y. 736.)

The affidavit submitted on behalf of the defendant states that the defendant did enter on the premises of the plaintiff during the year 1950 for the purpose of abating a nuisance existing thereon, that a wooden fence was built on the boundary of the premises adjacent to the public sidewalk, that a padlocked door was placed in the fence and that the key to the padlock was offered to an agent of the plaintiff. This affidavit denies that

the defendant has used or occupied the premises since 1950. The affidavits submitted by the plaintiff state that the defendant in 1950 threw debris upon his premises and erected a fence which still stands and that the defendant padlocked the door and has always retained the key to the padlock and never has offered to deliver it to the plaintiff or any person authorized to act on his behalf and that such conduct constitutes use and occupancy by the defendant to the exclusion of the plaintiff.

In view of the conflicts appearing in the affidavits, we are unable to conclude that all parts of all of the causes of action alleged in the complaint accrued more than one year prior to the commencement of this action. By motion pursuant to rule 107, the plaintiff should not be denied the opportunity to prove at a trial that the defendant used the premises of the plaintiff to his exclusion within one year prior to the commencement of this action. However, if, upon such trial, damages be awarded, they should be limited to a period of ninety days preceding the filing of the notice of claim on October 28, 1952. (General Municipal Law, § 50-e; Charter, § 89, as amd. by Local Laws, 1949, No. 1 of City of Ogdensburg; *Thomann* v. *City of Rochester,* 256 N. Y. 165.)

The order should be modified by providing that the motion to dismiss the complaint be granted only as to the first and second causes of action and the portions of the third and fourth causes of action accruing prior to March 10, 1952, and denied as to the remaining portions of the third and fourth causes of action and as so modified affirmed, without costs.

BERGAN, J. P., COON, HALPERN and IMRIE, JJ., concur.

Order modified by providing that the motion to dismiss the complaint be granted only as to the first and second causes of action and the portions of the third and fourth causes of action accruing prior to March 10, 1952, and denied as to the remaining portions of the third and fourth causes of action and as so modified, affirmed, without costs.