Miles F. McDonald, J.
In an action for specific performance of a contract for the sale of a house, defendants move pursuant to rule 107 of the Buies of Civil Practice for an order dismissing the complaint and canceling a Us pendens against the subject premises upon the following grounds: (1) that the alleged agreement signed by defendant Albert H. Altman, upon which the action is based, is insufficient to constitute an agreement in writing within the requirements of the Statute of Frauds (Beal Property Law, § 259); and (2) that the afore-mentioned instrument is not subscribed by defendant Sylvia Altman, wife of defendant Albert Altman and a co-owner of the subject premises, nor by her lawfully authorized agent.' The motion is denied.
The court cannot adopt the view urged under the first ground of objection raised by defendants in support of this motion, namely, that the writing lacks an essential element of an enforcible agreement in that there is omitted therefrom any *304 designation, description or other identification of the- premises claimed to be affected by the agreement. The identity and location of said property are ascertainable under the provisions of the instrument. The said writing can be deemed to relate to a house of which defendant Albert Altman was an owner at the time that he subscribed the instrument (see Morrison v. Brenmohl, 137 App. Div. 4).
A reasonable construction of the writing in which the only real property of which mention is made is that designated by street address as “ 513 Quentin Road Brooklyn - NT”, which designation appears below the name of defendant Albert Altman, warrants the conclusion that the premises so described form the subject matter of the instrument as it relates to realty. In view thereof, such designation would suffice to satisfy the requirements of the statute (Lukawski v. Devlin, 214 App. Div. 734, affd. 243 N. Y. 583; MacLaeon v. Lipchitz, 56 N. Y. S. 2d 609, affd. 269 App. Div. 953); and the fact that a formal contract was to be entered into would not affect the enforcibility of this writing (Sanders v. Pottlitzer Bros. Fruit Co., 144 N. Y. 209; Pelletreau v. Brennan, 113 App. Div. 806).
It is clear from the face of the writing herein that no material element of a binding’ agreement, including the subject matter and the purchase price, has been left open for future negotiations.
Plaintiff is not seeking by paroi evidence to add any essential term to the written instrument; he seeks merely to establish that the address set forth in said instrument refers to the real property which is the subject of the instant suit.
Any doubt or uncertainty with respect to the identity of the realty to be conveyed can be resolved by paroi evidence or evidence of extrinsic facts (Morrison v. Brenmohl, supra; Tobias v. Lynch, 192 App. Div. 54 [2d Dept.], affd. 233 N. Y. 515). Here the personal property specified in the instrument as being sold with the house provides the means by which identification and location of the realty forming the subject of the agreement can be ascertained with reasonable certainty. As was stated by Blackmae, J., speaking for the court in Tobias v. Lynch (supra, p. 56):“ No terms can be added to a contract by paroi evidence, and I apprehend the same rule applies to the note or memorandum. But when it is a question of the application of the writing, the facts and circumstances within the knowledge of the parties when the writing was made may be disclosed, not to vary but to establish its meaning. * * * The principle has been applied to determine the location and identity of the property which is the subject of the sale.”
*305 With respect to the second argument urged in support of the motion to dismiss, it is to he noted that the complaint alleges that defendant Sylvia Altman, as well as her husband, represented to plaintiff that the husband was the sole owner of the subject premises and that the wife acquiesced in and ratified the alleged agreement; further, that plaintiff relied upon the aforesaid representations. If the foregoing allegations are established as true, then the wife would be estopped from successfully raising an objection under the Statute of Frauds that she neither signed the instrument nor authorized her husband in writing to do so on her behalf (Joehl v. Tricarico, 271 App. Div. 898 [2d Dept.]; Levy v. Rothfeld, 271 App. Div. 973). The case of Redlark Realty Corp. v. Minkin (306 N. Y. 762) and cases of similar import, cited by defendants, are distinguishable from the instant case. Here, unlike the afore-mentioned cases, the agreement which is the gravamen of the action, is not oral but is in writing. This case properly involves an issue of estoppel, whereas in the cases cited by defendants the doctrine of estoppel was not validly applicable to the issues raised therein.
Contested questions of fact bearing upon a material issue in the case having been raised by the opposing affidavits herein, the motion to dismiss under rule 107'of the Buies of Civil Practice must be denied. (Hurd v. Republic Steel Corp., 268 App. Div. 936, appeal dismissed 294 N. Y. 736; Fitz Gerald v. City of Ogdensburg, 284 App. Div. 767; Scardino v. Ring Optical Co., 276 App. Div. 941.) Settle order.