James J. Crisona, J.
In an action to recover damages for breach of contract, one of the defendants, Stoll Packing Corp. (hereinafter called Stoll), moves pursuant to subdivision 4 of rule 107 of the Buies of Civil Practice to dismiss the complaint as it pertains to it on the ground that there is an existing final judgment rendered on the merits determining the same cause of action between the parties to this action.
It appears that Carrier Service, Inc. (hereinafter called Carrier) on behalf of the plaintiffs Nathan Gordon and Benjamin Gordon, doing business as Sam Gordon & Sons (hereinafter called Gordon), contracted with Stoll for the shipment of certain produce. The shipment was made by Stoll and a written receipt was given upon delivery of the produce without noting any protest. When the contract price was not paid for such shipment Stoll commenced an action against Carrier and Gordon, in the Supreme Court, New York County. After issue had been joined Stoll moved for summary judgment. Gordon cross-moved to amend their answer to include a counterclaim and cross claim. In substance the counterclaim alleged that Stoll breached the contract to ship the produce because the delivery was not made at the agreed-upon time, and time was of the essence since the sale of such produce could only have been made at the “ early morning market” and the late delivery forced the holding of this produce until the next selling day and thereby subjected it to deterioration and decay and thus reduced its value. Mr. Justice Hecht, in an opinion dated April 14, 1961, denied Gordon’s cross motion on several grounds, the pertinent one being that the counterclaim failed to state a cause of action since it did not sufficiently allege that there was deterioration and decay, or in what manner or to what extent, and granted Stoll’s motion for summary judgment for the price of the shipment.
The instant action is identical to the afore-mentioned counterclaim. Stoll argues that the determination in the prior action adjudicated the same issues that are presented by the instant complaint, to wit, the performance or failure of performance of the contract herein involved by Stoll.
*556 Gordon argues that the prior determination was not a final judgment on the merits as to the counterclaim since the court merely denied leave to assert the counterclaim. In any event he claims that the parties in the instant action are different in that the plaintiffs here are Nathan Gordon and Benjamin Gordon, doing business as Sam Gordon & Sons, while in the prior action the plaintiff was merely Nathan Gordon, doing business as Sam Gordon & Sons. In the prior action, however, the complaint was answered by Nathan Gordon and Benjamin Gordon, doing business as Sam Gordon & Sons. It is apparent that the parties to both actions are identical.
While it is true that the denial of the motion for leave to serve an amended answer, including a counterclaim, was not a final judgment with respect to such counterclaim (see Fitz Gerald v. City of Ogdensburg, 284 App. Div. 767, 768; see, also, Dell’Osso v. Everett, 206 App. Div. 718, app. dsmd. 238 N. Y. 551; Unity Sheet Metal Works v. Farrell Lines, 130 N. Y. S. 2d 276), the granting of summary judgment in the prior action was a final determination that Stoll did perform the contract. (Dunham v. Bower, 77 N. Y. 76; see, also, Blair v. Bartlett, 75 N. Y. 150; Salay v. Ross, 155 N. Y. S. 2d 841.) The instant action would, therefore, merely be a relitigation of that issue (see Israel v. Wood Dolson Co., 1 N Y 2d 116). Accordingly, the motion is granted.